DANAHY, Judge.
A group of citrus growers and processors (the petitioners) challenged the validity of rule amendments adopted by the Department of Citrus (the DOC) setting the minimum degrees of Brix (percent by weight of soluble solids) required in frozen concentrated orange juice. Another group of citrus growers and processors (the interve-nors) joined with the DOC in defending the amendments. A Department of Administration hearing officer determined that the rule amendments are invalid. In doing so, the hearing officer left in doubt the question of what minimum Brix requirement remains in effect. The petitioners, the in-tervenors, and the DOC all petition this court for review of the hearing officer’s determination. We hold that the rule amendments are valid.
From 1955 to the present time, the statutory minimum Brix requirement for frozen concentrated orange juice in Florida has been 41.8 degrees. The current statute is section 601.9909, Florida Statutes (1981), which provides that no frozen concentrated orange juice shall be sold, offered for sale, shipped, or offered for shipment which is concentrated to less than 41.8 or more than 47 degrees Brix.
In 1965, the DOC adopted a rule, codified as rule 20-64.07(lXa), setting the minimum Brix requirement for frozen concentrated *1301 orange juice produced in Florida at 44.8 degrees. That rule was adopted by vote of the Florida Citrus Commission, a collegial body which is the head of the DOC.[1] In 1980, by the affirmative vote of seven of its twelve members, the Commission adopted the amendments to rule 20-64.07(l)(a) which are at issue here. As amended, rule 20-64.07(l)(a) contains the following sub-paragraphs:
1. Percent by weight of orange juice soluble solids as provided by Section 601.-9909(1), Florida Statutes, shall be not less than 44.8 percent nor more than 47 percent. This Brix provision shall not apply to frozen concentrated orange juice packed and certified for shipment outside the United States and Canada.
2. Section (l)(a)l. notwithstanding, effective July 15, 1980, the minimum percent by weight of orange juice soluble solids as provided by Section 601.9909(1), Florida Statutes, for product produced to fill Federal government purchase contracts shall be identical to the Food and Drug Administration Standard of Identity for Frozen Concentrated Orange Juice.
3. Section (l)(a)l. notwithstanding, effective December 1, 1980, the minimum percent by weight of orange juice soluble solids as provided by Section 601.9909(1), Florida Statutes, for product packed and certified for shipment to Canada and other export markets shall be identical to the Food and Drug Administration Standard of Identity for Frozen Concentrated Orange Juice.
4. Section (lXa)l. notwithstanding, effective December 1, 1980, the percent by weight of orange juice soluble solids as provided by Section 601.9909(1), Florida Statutes, for product for sale or shipment within the United States shall be not less than 43.2 percent nor more than 47 percent.
5. Section (l)(a)l. and 4. notwithstanding, effective December 1, 1981, the minimum percent by weight of orange juice soluble solids as provided by Section 601.9909(1), Florida Statutes, for all product shall be identical to the then current Food and Drug Administration Standard of Identity for Frozen Concentrated Orange Juice.
Since 1964, the federal minimum Brix requirement for frozen concentrated orange juice has been 41.8 degrees. The effect of the 1980 amendments to the DOC rule, therefore, was to reduce the minimum Brix requirement from 44.8 degrees to 41.8 degrees. As noted above, 41.8 degrees Brix is the statutory minimum standard in Florida as set forth in section 601.9909.
The petitioners attack the 1980 amendments principally on two grounds. First, they argue that the reference in the amendments to the federal standard violates the rule against delegation of rule making authority as announced in Hutchins v. Mayo, 143 Fla. 707, 197 So. 495 (1940). In that case, the supreme court addressed the validity of a rule promulgated by the Florida Citrus Commission which adopted rules of a federal bureau fixing standards for citrus products, whether then extant or later revised. The supreme court disapproved the rule, saying “We cannot accept the view that the state commission may make binding rules to be promulgated by the federal bureau in the future.” In the supreme court’s view, the rule constituted a delegation of a delegated power which the court could not sanction.
We do not believe the 1980 rule amendments at issue in this case violate the doctrine of Hutchins v. Mayo. The amendments adopted a federal standard as it existed on a specific date, and we believe this to be permissible. In Department of Legal Affairs v. Rogers, 329 So.2d 257 (Fla.1976), the supreme court approved a statutory provision requiring the enforcing and rule making authority to comply with a federal standard in effect on or before the effective *1302 date of the law. That is essentially what the 1980 amendments to DOC rule 20-64.-07(l)(a) accomplished — the adoption of a federal standard as it existed on December 31,1981. We find no constitutional infirmity in that respect.
The second ground asserted by the petitioners is that section 601.9914, Florida Statutes (1979), requires the affirmative vote of at least nine members of the Florida Citrus Commission for the adoption of rule amendments reducing the minimum Brix previously established by DOC rule 20-64.-07(l)(a). In 1980, Section 601.9914 provided in part as follows:
(1)(a) Whenever ... the commission determines that a modification of any of the requirements of ss. 601.9905-601.9908 or s. 601.9909, within the limitations hereinafter specified, may increase the acceptance and consumption by consumers or a substantial segment of the consuming public of any of the citrus products regulated by the foregoing sections, it shall ... direct the formulation of a proposed regulation modifying the requirements of one or more of the foregoing sections in a manner designed to accomplish the foregoing purpose....

(2) The commission shall determine whether or not the promulgation of such regulation is likely to further increase the acceptance and consumption by consumers or a substantial segment of the consuming public of the citrus product or products regulated by such proposed regulation and that such substantial increase in acceptance and consumption shall be of substantial benefit to handlers and producers of citrus fruit. If the commission so determines, it may, by affirmative vote of at least nine members of the commission .. . with respect to a regulation hereunder pertaining to the citrus products regulated by s. 601.9909, promulgate such regulation.
(3) The extent to which the requirements of ... s. 601.9909, may be amended by regulation promulgated pursuant hereto is as follows:
(a) The existing requirements with respect to minimum or maximum Brix ... may be raised; [Emphasis ours.]
The 1980 amendments at issue here were adopted by the affirmative vote of only seven of the Commission members. The intervenors and the DOC argue that a vote of nine members was not required because section 601.9914 does not apply, and we agree. The statute provides that the “existing requirements” with respect to minimum or maximum Brix may be raised by vote of nine members of the Commission. We believe the statutory reference to “existing requirements” is clearly a reference to the requirements of section 601.-9909. The 1980 rule amendments at issue here did not purport to change the requirements of section 601.9909 as to minimum or maximum Brix, and certainly did not raise them. We do not speculate on the constitutional validity of section 601.9914 or the scope of its application; we simply hold that it does not apply here.
The 1980 amendments reduced the minimum Brix requirement which had previously been set by rule of the Commission. Whether intentionally or unintentionally, the legislature did not address that situation in section 601.9914. Therefore, the action of the Commission in adopting the 1980 amendments must be assessed on the basis of those statutes which generally establish the authority of the Commission to adopt standards for citrus products. Sections 601.10 and 601.11, Florida Statutes (1981), provide ample authority for the adoption of a rule setting a standard for citrus products by vote of a simple majority of the members of the Florida Citrus Commission.
We have considered additional arguments made by the petitioners and find them to be without merit.
The order under review is set aside. We deem it unnecessary to remand this case for further proceedings. § 120.68(9), Fla.Stat. (1981).
HOBSON, A.C.J., and BOARDMAN, J., concur.

. The statutory scheme for regulation of the Florida citrus industry and the structure of the Department of Citrus are discussed at length in Florida Canners Ass’n v. Dep’t of Citrus, 371 So.2d 503 (Fla.2d DCA 1979), aff'd sub nom. Coca-Cola Co. v. Dep’t of Citrus, 406 So.2d 1079 (Fla.1981).