534 So.2d 1231 (1988)
Kevin GIBSON, Appellant,
v.
The STATE of Florida, Appellee.
No. 88-609.
District Court of Appeal of Florida, Third District.
December 13, 1988.
Bennett H. Brummer, Public Defender, and Howard K. Blumberg, Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., and Michele L. Crawford Asst. Atty. Gen., for appellee.
Before BARKDULL, NESBITT and BASKIN, JJ.
*1232 BASKIN, Judge.
Kevin Gibson appeals his conviction for resisting an officer without violence.[1] He contends that the trial court committed reversible error in refusing to excuse a prospective juror for cause.[2] We agree and reverse.
During voir dire, Ms. Angeloni responded to questioning:
MR. DALESSIO [DEFENSE COUNSEL]: Do you feel that someone has a duty to convince the Judge that the crime or the traffic offense they are charged with is wrong?
Do you feel that?
MS. ANGELONI: I feel if they are innocent, they can tell their side of the story to the judge.
MR. DALESSIO: I said before that everyone has a right to remain silent. Do you understand that no one is required to come into court and say anything to the judge, that the State has the burden of proving that they have committed whatever they are charged with beyond and to the exclusion of a reasonable doubt?
MS. ANGELONI: Yes.
MR. DALESSIO: If Mr. Gibson were to exercise his right to remain silent, are you telling me you would hold that against him because he's not saying I didn't do anything wrong?
MS. ANGELONI: Not necessarily.
MR. DALESSIO: Why not necessarily?
MS. ANGELONI: I would have to really hear all the evidence first.
MR. DALESSIO: If you heard all the evidence, if you had a reasonable doubt but Mr. Gibson did not testify, what would your verdict be?
MS. ANGELONI: If he didn't testify?
MR. DALESSIO: If he didn't testify but you had a reasonable doubt, what would your verdict be?
MS. ANGELONI: I couldn't answer.
MR. DALESSIO: You can't answer that?
MS. ANGELONI: No.
MR. DALESSIO: What if the Judge were to instruct you that if you had a reasonable doubt after hearing all the evidence, that you must vote not guilty, what would you vote?
MS. ANGELONI: That I must what?
MR. DALESSIO: That you must vote not guilty.
MS. ANGELONI: Not necessarily.
MR. DALESSIO: So you are saying that if you had a reasonable doubt, even though Mr. Gibson didn't testify, that you would not be able to vote not guilty?
MS. ANGELONI: Well, I'd like to hear the whole story.
.....
MR. DALESSIO: Miss Angeloni, just so we are clear, if Mr. Gibson were not to testify here today but you had a reasonable doubt, you said that you would have a hard time pleading not guilty?
MS. ANGELONI: Well, if he's not going to testify, no.
MR. DALESSIO: No, you would not plead not guilty?
THE COURT: You mean find him not guilty.
MR. DALESSIO: You would not find him not guilty? Excuse me.
MS. ANGELONI: Right.
The court denied Gibson's request to excuse prospective juror Angeloni for cause, requiring Gibson to use a peremptory challenge to remove her from the panel. The trial court also denied Gibson's request for an additional peremptory challenge. Subsequently, Gibson used his last peremptory challenge. The jury found defendant guilty of resisting arrest without violence and not guilty of theft. Gibson filed this appeal.
A review of the record reflects that the voir dire examination disclosed a basis for the court to excuse Ms. Angeloni for cause. *1233 Her answers gave rise to a reasonable doubt as to whether she could set aside her bias, follow the court's instructions, and render an impartial verdict. See Moore v. State, 525 So.2d 870 (Fla. 1988); Hill v. State, 477 So.2d 553 (Fla. 1985); Singer v. State, 109 So.2d 7 (Fla. 1959); Smith v. State, 516 So.2d 43 (Fla. 3d DCA 1987). Thus, the trial court erred in refusing to excuse Ms. Angeloni for cause and in abridging Gibson's right to exercise peremptory challenges. In Hill, the Florida supreme court held:
[I]t is reversible error for a court to force a party to use peremptory challenges on persons who should have been excused for cause, provided the party subsequently exhausted all of his or her challenges, and an additional challenge is sought and denied.
Hill, 477 So.2d at 556 (citations omitted). Accordingly, we reverse and remand for a new trial.
REVERSED AND REMANDED.
NOTES
[1] Gibson was also charged with grand theft.
[2] Gibson also argues that the trial court erred in refusing to excuse another prospective juror for cause. Because we find that the trial court's refusal to excuse prospective juror Angeloni mandates reversal, we need not address that contention.