BARKDULL, Judge.
Appellant was convicted of four counts of attempted first degree murder, two counts of first degree arson, one count of second degree arson, and two counts of possession of a firebomb. The charges stemmed from four separate incidents, which included two car fires and two house fire bombings related to appellant’s past relationship with Glenford Benning. Appellant was sentenced to a total of 205 *14 years, the sentences to be served consecutively. She appeals and urges error in the trial court’s failure to exclude a juror, improper communication with the jury, and ineffective trial counsel.
At trial during voir dire, juror Burke remarked that she didn’t think she could be fair and impartial because her husband was a firefighter and would probably think of her husband running into a burning building. She further stated, however, that she would follow the law as instructed by the court.[1] The trial court denied the defense’s attempt to strike the juror for cause, and the defense thereafter exercised one of its peremptory challenges. A jury was later selected after appellant had used all of its peremptory challenges. The court then finished for the day and stated that it would swear in the jury in the morning and both sides indicated that they had no objections to the panel. The next morning, prior to the jury being sworn, the trial court denied appellant’s motion for an additional peremptory challenge. Appellant wanted to challenge juror Vihlen, whom she was uncomfortable with because she perceived Vihlen was looking at her in a peculiar manner. The court was willing to grant an additional strike if both parties would agree to proceed through trial with five jurors. The State did not consent to the proposal and the motion was denied. The jury was then sworn in and juror Vih-len was later the foreperson.
At the close of the evidence, the trial court stated to the jury that the court would provide the jury any evidence desired for review and instructed all counsel to remain around the courtroom. During deliberations, the jury requested and was provided, through the bailiff, a picture of Mr. Benning’s car that had been set on fire. Later, the court reporter was sent into the jury room to read some testimony to the jury. The bailiff also played an evidentiary tape to the jury. The record does not reflect any notice to counsel of these communications, nor that they were done while in the presence of appellant or her counsel.
We find that, notwithstanding State v. Williams, 465 So.2d 1229 (Fla.1985), the trial court erred in denying appellant’s attempt to exclude juror Burke for cause, which later resulted in a petit jury that contained another juror, Vihlen, which appellant was forced to accept because she was not allowed an additional peremptory strike. Moore v. State, 525 So.2d 870 (Fla. 1988); Hill v. State, 477 So.2d 553 (Fla. 1985); Price v. State, 538 So.2d 486 (Fla. 3d DCA 1989); Gibson v. State, 534 So.2d 1231 (Fla. 3d DCA 1988); Smith v. State, 516 So.2d 43 (Fla. 3d DCA 1987). Furthermore, we find that the trial court committed per se reversible error by its communications with the jury outside the presence of the parties and without prior notice to the parties, and by its permitting the court reporter to enter the jury room without the presence of trial counsel or the court. Curtis v. State 480 So.2d 1277 (Fla.1985); Ivory v. State, 351 So.2d 26 (Fla.1977); Fla.R.Crim.P. 3.410.
*15 In view of the above we do not address the ineffectiveness of trial counsel argument, but do reverse the convictions, adjudications and sentences, and remand for a new trial on all charges.

. The following is found at page 58 of the transcript:
Now, Miss Burke, is it?
MS. BURKE: Yes.
MR. ALTFIELD: You're married to a firefighter with City of Miami?
MS. BURKE: Yes, I am.
MR. ALTFIELD: The fact that you are married to a fire fighter, this case may involve testimony from other fire fighters from Metro Dade. We need to ask you to make sure that it’s — you will be able to be a fair and impartial juror in this case?
MS. BURKE: I probably would not. I'll have to say I will not.
MR. ALTFIELD: Why is that?
MS. BURKE: Well I was thinking outside that I don’t know. If I had to hear testimony of a fireman going into a burning building I can probably think of my husband. I don’t know.
MR. ALTFIELD: You may be correct. Let me clarify; nobody here is asking you to be robots in a line here. You hear something that may revert some emotion. The bottom line is the Court will instruct you. We want to know whether or not you can still follow the law that the Court instructs with regards to witnesses?
MS. BURKE: Yes I can.
MR. ALTFIELD: That’s what we are asking; whether or not you can follow the law. There is no reason. You can have emotions or reactions to testimony.
MS. BURKE: Okay.