627 So.2d 1314 (1993)
STATE of Florida, Appellant,
v.
Robert Juan DIAZ, Appellee.
No. 92-04181.
District Court of Appeal of Florida, Second District.
December 10, 1993.
*1315 Robert A. Butterworth, Atty. Gen., Tallahassee, and Davis G. Anderson, Asst. Atty. Gen., Tampa, for appellant.
Thomas F. Granahan, Thomas F. Granahan, P.A., Tampa, for appellee.
RYDER, Acting Chief Judge.
The state seeks review of the trial court's order granting Diaz's motion to dismiss the bookmaking charges against him. We reverse and remand to the trial court.
Diaz filed a motion to dismiss under Florida Rule of Criminal Procedure 3.190(c)(4). His motion asserted that there were no disputed facts, and that the undisputed facts, elicited from the depositions of all the state's witnesses, did not establish a prima facie case of guilt. The state filed a traverse[1] denying that there were no disputed facts and asserting additional material facts. The traverse referred to facts that the motion did not address, specifically that the police had found items used by bookmakers in Diaz's trash, that his fingerprints were on the items and that an F.B.I. expert was prepared to testify that the items indicated a bookmaking operation.
When material factual allegations in a (c)(4) motion are denied or disputed in the traverse, the trial court must deny the motion to dismiss. State v. Lewis, 463 So.2d 561 (Fla. 2d DCA 1985); Fla.R.Crim.P. 3.190(d). A (c)(4) motion should only be granted where the most favorable construction to the state would not establish a prima facie case of guilt. The proceeding is the equivalent of a civil summary judgment proceeding. State v. J.T.S., 373 So.2d 418 (Fla. 2d DCA 1979). It is not the trial court's function to make factual determinations in this context. State v. Fry, 422 So.2d 78 (Fla. 2d DCA 1982).
The trial court noted that it "saw one sentence in the transcript that might arguably lead a person to believe that Mr. Diaz ... may have been involved in some sort of bookmaking activity," but then dismissed the charges. This observation indicates that the lower court impermissibly weighed the evidence. The additional facts stated in the traverse, when construed in a light most favorable to the state, are also sufficient to show a prima facie case of guilt.
Reversed and remanded.
PATTERSON, J., and COPE, CHARLES W., Associate Judge, concur.
NOTES
[1] Diaz asserts that the traverse was not timely filed and contends that the trial court ruled it was untimely. We do not agree. While the order on the motion to dismiss notes that Diaz filed a motion to set aside the traverse, it does not grant this motion. Additionally, the record of the hearing shows that the trial court considered the facts set out in the traverse.