SCHWARTZ, Chief Judge.
During its deliberations in this second-degree murder case, the jury sent the court a written note via the bailiff seeking “examples” of acts done with “ill will, hatred, spite or an evil intent.” With the concurrence of both sides, the trial judge, who was absent from the courtroom at the time, conferred with counsel by telephone and, as the attorneys also agreed, ordered the bailiff to type and transmit to the jury the innocuous response that it should “please rely on the instructions that we have already provided for you.” Although there is no showing of complaint or other appropriate preservation below of any error in the substantive response, or of any harm to the defendant from this incident, we are nevertheless compelled to reverse the ensuing conviction for a new trial because of it. In Brown v. State, 538 So.2d 833 (Fla.1989), the supreme court unequivocally established a rule of per se, un-waivable error, which is deemed to occur when, as here, the trial judge is not physically present when a jury communication is received and responded to:
[W]e hold that the judge’s presence cannot be waived when a jury wishes to communicate with the court during its deliberations. Free discourse is essential in such a situation but is thwarted by the judge’s absence. In the instant case the jurors might have requested that portions of the testimony be read back to them when informed that they could not have the transcripts. Both the prosecutor and defense counsel went into the jury room to talk with the jurors. Brown now claims that the prosecutor did most of the talking to the jurors and that he told them that he did not want any more questions. We do not know what tone of voice this might have been said in, nor do we know the prosecutor’s demeanor and manner in dealing with the jury. The prosecutor’s statements and conduct, indeed this whole procedure, might well have had a chilling effect on the jury’s deliberations. No one can say at this point that the judge’s absence did not have a detrimental effect on the jury’s deliberations. The possibility of prejudice is so great in this situation that it cannot be tolerated. We hold, therefore, that communications from the jury must be received by the trial judge in person and that the absence of the judge when a communication is received and answered is reversible error, [e.s.]
Brown v. State, 538 So.2d at 836; accord Maldonado v. State, 634 So.2d 661 (Fla. 5th DCA 1994); Young v. State, 591 So.2d 651 (Fla. 1st DCA 1991); Bacquie v. State, 546 So.2d 137 (Fla. 3d DCA 1989); Ortiz v. State, 543 So.2d 377, 379 n. 1 (Fla. 3d DCA 1989). We have no choice but to follow and apply this pronouncement of our supreme court.
Reversed and remanded.