639 So.2d 1092 (1994)
Frank L. GLEE, Appellant,
v.
STATE of Florida, Appellee.
No. 93-1812.
District Court of Appeal of Florida, Fourth District.
July 20, 1994.
*1093 Richard L. Jorandby, Public Defender, and Eric M. Cumfer, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Sarah B. Mayer, Asst. Atty. Gen., West Palm Beach, for appellee.
PER CURIAM.
In this appeal from his conviction and sentence Frank L. Glee argues that it was reversible error for the trial judge to leave the courtroom during the readback of testimony by the court reporter. We agree, and reverse and remand for a new trial.
An accused has a fundamental right to have the trial judge present at all stages of the proceedings. Brown v. State, 538 So.2d 833 (Fla. 1989). The accused may waive that right in certain limited circumstances, but not through counsel acting alone. Id. See also Jackson v. State, 636 So.2d 99 (Fla. 3d DCA 1994); Maldonado v. State, 634 So.2d 661 (Fla. 5th DCA 1994); and Young v. State, 591 So.2d 651 (Fla. 1st DCA 1991). We agree with our sister court that this issue is not susceptible to a harmless error test. See Peri v. State, 426 So.2d 1021 (Fla. 3d DCA), rev. denied, 436 So.2d 100 (Fla. 1983).
The foregoing analysis renders moot the additional points on appeal.
REVERSED AND REMANDED.
DELL, C.J., HERSEY, J., and DAUKSCH, JAMES C., Jr., Associate Judge, concur.