W. SHARP, Judge.
Wallace appeals from his judgments and sentences for three counts of sexual battery.[1] One issue raised on appeal is dispositive and requires us to reverse this cause for a new trial. It appears to be a per se reversible error for a trial judge to absent him or herself from the courtroom when communications are being received by, or made to, the jury.
In this case, during jury deliberations, the jury asked a specific question about the testimony of one of the state’s witnesses. The judge replied, following a discussion with counsel for both sides, that he could not answer any question relating to the evidence, and that the jury would have to rely on their own memories. He also said the court reporter could read back the testimony to the jury, if requested, but that the entire testimony of the witness would have to be read, not just a part. The court then adjourned for the evening.
The next morning the jurors sent the judge a note saying they wanted to hear the testimony read back. The court had the court reporter read the testimony back, in its entirety, but while this was transpiring, the trial judge conducted a hearing in another case, in an adjoining courtroom. It is not clear whether or not the state attorney and defense counsel were present, although presumably they were. It is clear that Wallace was not consulted about this procedure, and gave no express consent to it.
This case is not distinguishable from Maldonado v. State, 634 So.2d 661 (Fla. 5th DCA 1994). This court set out the facts in Maldonado:
During jury deliberations, the jury asked to hear the testimony of the three key state witnesses. The trial court then proposed to both parties’ counsel that the court reporter be sent into the jury room to read the transcript. Both the prosecutor and Maldonado’s attorney agreed, and both counsel agreed not to be present when the court reporter read the testimony to the jury. The trial court likewise was not present for the reading. Although Maldonado’s attorney and prosecutor agreed to this procedure, Maldonado did not because neither his attorney nor the trial court consulted him
634 So.2d at 662.
We held that the absence of the trial judge during these communications to the jury con *96 stituted fundamental error. Brown v. State, 538 So.2d 833 (Fla.1989). We also agreed that this kind of error was not susceptible to the harmless error test. See Young v. State, 591 So.2d 651 (Fla 1st DCA 1991). Accordingly we reverse this cause and remand for a new trial.
REVERSED and REMANDED for new trial.
HARRIS, C.J., and GRIFFIN, J., concur.

. § 794.011(2), Fla.Stat. (1989).