652 So.2d 1177 (1995)
STATE of Florida, Appellant,
v.
Basilio Pandelis LUKAS, Appellee.
No. 93-02051.
District Court of Appeal of Florida, Second District.
March 10, 1995.
*1178 Robert A. Butterworth, Atty. Gen., Tallahassee, and Stephen A. Baker, Asst. Atty. Gen., Tampa, for appellant.
Michael N. Kavouklis, Tampa, for appellee.
RYDER, Acting Chief Judge.
The State of Florida challenges the trial court's dismissal of two counts of DUI manslaughter[1] and two counts of manslaughter[2] brought against Basilio Pandelis Lukas. We reverse.
Lukas filed a motion to dismiss pursuant to Florida Rule of Criminal Procedure 3.190(c)(4) which included witnesses' affidavits concerning the incident. The state filed a motion to strike, a traverse, and, later, a demurrer to an amended motion to dismiss. Although the state's traverse did not deny with specificity the material facts alleged in the motion to dismiss, the state alleged additional facts and factual discrepancies upon which it intended to rely at trial. The trial judge granted the motion to dismiss as to all four counts.
Ordinarily, when material factual allegations in a (c)(4) motion are denied or disputed in the traverse, the trial court must deny the motion to dismiss. State v. Diaz, 627 So.2d 1314 (Fla. 2d DCA 1993); Fla. R.Crim.P. 3.190(d).
The undisputed facts include evidence of speeding, the smell of alcohol on Lukas's breath, and admissions by Lukas to paramedics at the scene that he had been drinking. These facts militate against him.
The judge considered the state's evidence that Lukas had been drinking and speeding and concluded, despite the state's additional allegations, that the evidence was insufficient to prove a prima facie case of impairment.
We have determined that the judge effectively conducted a mini-trial and improperly weighed the evidence. Although the state's traverse was unartfully drawn, the state has met its burden. The state did not specifically dispute the facts alleged in the (c)(4) motion, but, instead, alleged additional facts. We, nonetheless, conclude, in resolving all inferences against Lukas as we must do, that it cannot be said that a jury could not properly find culpable negligence. See State v. De Jerinett, 283 So.2d 126 (Fla. 2d DCA), cert. denied, 287 So.2d 689 (Fla. 1973).
We, therefore, reverse the trial court's order and remand for further proceedings.
Reversed and remanded.
DANAHY and PARKER, JJ., concur.
NOTES
[1] § 316.193(3), Fla. Stat. (1991).
[2] § 782.07, Fla. Stat. (1991).