652 So.2d 473 (1995)
STATE of Florida, Appellant,
v.
Michael MITCHELL, Appellee.
No. 92-03168.
District Court of Appeal of Florida, Second District.
March 24, 1995.
*474 Robert A. Butterworth, Atty. Gen., Tallahassee, and Anne Y. Swing, Asst. Atty. Gen., Tampa, for appellant.
No appearance for appellee.
RYDER, Acting Chief Judge.
The State of Florida challenges the trial court's order dismissing the charges of discharging a destructive device in violation of section 790.161, Florida Statutes (1991), and declaring unconstitutional sections 790.001(4)-(5) and 791.01(4)(a), Florida Statutes (1991). The trial judge held the statutes unconstitutional on their face as vague and overbroad as they relate to the definition of destructive devices containing explosives, *475 and, further, as conceded by the state, held section 790.001(4) to be unconstitutional as an improper delegation of authority to the United States Bureau of Alcohol, Tobacco and Firearms (the "BATF") to define destructive device. We affirm in part, reverse in part, and remand for further proceedings.
Mitchell admitted setting off the devices at two locations. The explosions shattered windows and damaged property at a laundromat and a lounge. A patron of the lounge was injured by flying glass caused by that explosion. Mitchell testified that he and his girlfriend taped the devices to the businesses' windows as a joke and had not intended to hurt anyone. He further testified that the people who sold him the devices called them M-80's.
Mitchell moved to dismiss the charges, arguing that his devices and all others with explosives were "fireworks" under section 791.01(4). As such, he contended that they were not encompassed by chapter 790 because the definitions of "destructive device" and "explosives" in section 790.001(4)-(5) exclude fireworks as defined in chapter 791, and that the statutes were therefore unconstitutional. He also asked the trial court to declare section 790.001(4) unconstitutional as applied to him as an impermissible and unlawful delegation of legislative power to an administrative agency in violation of Article III, Section I of the Florida Constitution.
At a pretrial hearing, an agent of the BATF testified that the device set off by Mitchell was a destructive device, and was constructed and utilized as a weapon and explosive bomb to cause personal injury and property damage. The explosive utilized was a perchlorate explosive mixture called flash powder, a mix of potassium, perchlorate, sulfur and aluminum powder. The BATF agent considered it a most dangerous explosive but stated the same explosive is used in many firecrackers. The agent further testified that one of the devices seized contained 16.253 grams of flash powder. While an M-80 firecracker resembled the devices Mitchell set off here, the M-80 is much smaller in size and explosive force. The M-80, illegal since the 1960's, is available country-wide "under the counter." The M-80 normally contains from two to two-and-one-half grams of flash powder. Legal fireworks cannot contain more than two grains of flash powder. There are approximately fifteen grains in one gram.
We excerpt the following analysis from the trial judge's order holding the statute unconstitutional:
The constitutional complaint to be resolved centers on three assertions regarding Sections 790.001(4) and (5), 790.161, and 791.01(4)(a), Florida Statutes (1991). First, it is urged that these Sections fail to convey sufficient warnings of prescribed [sic] conduct when measured by common understanding and practice. Next, it is argued that they are vague and overbroad. Finally, the Defendant insists they violate the due process clause of both the State and Federal Constitutions.
The problem arises from a reading of the definitional subsections of 790.001 and 791.01, Florida Statutes (1991).
Specifically in 790.001(4), a "Destructive device" is defined as containing an explosive and includes any frangible container filled with an explosive which is designed or constructed to explode and is capable of causing bodily harm or property damage. The next subsection defines "Explosive" as follows:
(5) "Explosive" means any chemical compound or mixture that has the property of yielding readily to combustion or oxidation upon application of heat, flame, or shock, including but not limited to dynamite, nitroglycerine, trinitrotoluene, or ammonium nitrate when combined with other ingredients to form an explosive mixture, blasting caps, and detonators; but not including:

....
(b) Fireworks as defined in s. 791.01. (Emphasis supplied)
Section 791.01(4)(a), Florida Statutes (1991), provides that "`Fireworks' means and includes any combustible or explosive composition or substance or combination of substances or, except as hereinafter provided, any article prepared for the purpose of producing a visible or audible effect by combustion, explosion, deflagration, or detonation. *476 The term includes ... any fireworks containing explosives or flammable compound or any tablets or other device containing any explosive substance." (Emphasis supplied)
The syllogism created by the foregoing leads a statutory constructionist to one conclusion: In order to be a destructive device of the explosive variety, it must contain an explosive; if it contains an explosive it must by definition exclude fireworks as defined by statute. However this appears to be an impossibility since an integral part of the firework personality and definition is the characteristic of being a device containing any explosive substance. The definitions seem to turn in on themselves creating a situation of statutory cannibalism, each devouring one another. The exclusion created by s. 790.001(5)(b) acts to remove any device containing an explosive from the definition of a destructive device.
When Sections 790.001(4), and (5), and 791.01(4)(a), Florida Statutes (1991) are considered together, they contain ambiguities and result in denial of due process because there is no discernable rational definition of what a destructive device is or is not when fireworks are included within the statutory equation. Fireworks are capable of causing bodily harm or property damage. Furthermore, a person of ordinary intelligence cannot be expected to understand when an explosive device is a destructive device or merely a firework. The Statutes are vague and overbroad.
First, we disagree with the trial judge's holding that the statutes were unconstitutional as overbroad. Perhaps the trial judge employed the terms "overbroad" and "vague" interchangeably. However, the overbreadth doctrine applies only if the legislation is susceptible of application to conduct protected by the First Amendment. Southeastern Fisheries Ass'n, Inc. v. Dept. of Natural Resources, 453 So.2d 1351 (Fla. 1984). The activities of setting off or possessing destructive devices is not an activity protected by the First Amendment, and, therefore, the overbreadth doctrine is not appropriate here.
We next turn to the issue of whether the manner in which the statute defines "destructive device" and "explosive" to exclude "fireworks" operates to render the statute void for vagueness. A statute is accorded a strong presumption of validity. U.S. v. National Dairy Products Corp., 372 U.S. 29, 31-32, 83 S.Ct. 594, 597, 9 L.Ed.2d 561, rehearing denied, 372 U.S. 961, 83 S.Ct. 1011, 10 L.Ed.2d 13 (1963). In assessing a statute's constitutionality, we must resolve "`all doubts as to the validity of [the] statute in favor of its constitutionality, provided the statute may be given a fair construction that is consistent with the federal and state constitutions as well as with the legislative intent.'" State v. Stalder, 630 So.2d 1072, 1076 (Fla. 1994) (citations omitted). "The void-forvagueness doctrine requires that a penal statute define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement." Kolender v. Lawson, 461 U.S. 352, 357, 103 S.Ct. 1855, 1858, 75 L.Ed.2d 903 (1983).
The provisions of chapter 790, the general weapons chapter, govern explosives "designed, redesigned, used or intended for use" as weapons against persons or property. § 790.001(4), Fla. Stat. (1991). Chapter 791, the fireworks chapter, governs explosives "prepared for the purpose of producing a visual or audible effect by combustion, explosion, deflagration or detonation." § 791.01(4)(a), Fla. Stat. (1991). Chapter 552, the general explosives chapter, governs the handling and permitting of explosives designed for legitimate uses such as blasting, demolition and excavation.
It is clear that the legislature intended to regulate all aspects of legal and illegal uses of explosives to protect the public safety. The use of explosives and fireworks has long been regulated in this state. The legislature has made many fireworks illegal since the 1960's, and the amount of legal explosive compound for "fireworks" purposes is very small. It is unlawful to use or explode any fireworks except by permit issued by a county or municipality for a supervised public display. The state strictly regulates the registration *477 of fireworks manufacturers and retailers. The retailers must obtain permits, maintain copies of all invoices from manufacturers and display registration certificates at all retail locations.
It is general public knowledge that the sale of powerful fireworks is illegal. The illegal aspect of such fireworks in part creates a black market. A legally obtained "common firecracker" would not fall within the definition of "destructive device" found in section 790.001.
"In determining the sufficiency of the notice a statute must of necessity be examined in the light of the conduct with which a defendant is charged." United States v. National Dairy Products Corp., 372 U.S. at 33, 83 S.Ct. at 598; Greenway v. State, 413 So.2d 23, 24 (Fla. 1982); State v. Olson, 586 So.2d 1239, 1242 (Fla. 1st DCA 1991). One who has received fair warning of the criminality of his own conduct from the statute in question is not entitled to attack it because the language would not give similar fair warning with respect to other conduct which might be within its broad and literal ambit. One to whose conduct a statute clearly applies may not successfully challenge it for vagueness. Parker v. Levy, 417 U.S. 733, 756, 94 S.Ct. 2547, 2565, 41 L.Ed.2d 439 (1974).
A law is void on its face if it is so vague that persons of common intelligence must necessarily guess at its meaning and differ as to its application. Such vagueness occurs when a legislature states its proscriptions in terms so indefinite that the line between innocent and condemned conduct becomes a matter of guesswork... . But vagueness is not calculable with precision; in any particular area, the legislature confronts a dilemma: to draft with narrow particularity is to risk nullification by easy evasion of the legislative purpose; to draft with great generality is to risk ensnarement of the innocent in a net designed for others. Because that dilemma can rarely be resolved satisfactorily, the Supreme Court will not ordinarily invalidate a statute because some marginal offenses may remain within the scope of a statute's language.
Laurence H. Tribe, American Constitutional Law § 12-31 at 1033-34 (2d ed. 1988) (footnotes omitted). Void for vagueness simply means that criminal responsibility should not attach where one could not reasonably understand that his contemplated conduct is proscribed. United States v. National Dairy Products, 372 U.S. at 32-33, 83 S.Ct. at 598.
If the statute at issue gave Mitchell sufficient warning that possessing and setting off the subject devices is unlawful, the statute is constitutional as applied to him. The appellee argued that an individual who has in his possession a "common firecracker" can be guilty of the subject felony, and that such a "common firecracker" was not intended to come under the definition of a "destructive device." Although Mitchell testified he was sold M-80's, the physical size and destructive force of the devices far exceeded that of a legal M-80. In Mitchell's case, he taped the devices to windows.
The definition of "destructive device" does not include "[a] device which is not designed, ... used or intended for use as a weapon." § 790.001(4)(a), Fla. Stat. (1991) (emphasis added). The definition of "explosive" does not include "[f]ireworks as defined in s. 791.01." § 790.001(5), Fla. Stat. (1991). The fireworks definition "includes any explosive substance ... prepared for the purpose of producing a visible or audible effect by ... explosion." § 791.01(4)(a), Fla. Stat. (1991).
The analysis of Mitchell's conduct would be more difficult had he used the devices as fireworks. But taping a firework on a window is not typically the manner by which one explodes fireworks for visible and audible effect. Rather, it evinces a purpose to destroy property. The devices in his possession were powerful enough to fall within the definition of a destructive device as one capable of causing bodily harm or property damage. In fact, testimony given during the pretrial motions hearing revealed that Mitchell's device contained an amount of flash powder which was approximately one-third of that amount contained in a military artillery round. The explosives definition excludes fireworks as defined in chapter 791. And, read in its entirety, the fireworks statute *478 contemplates a firework prepared for the purpose of producing a visible or audible effect upon explosion.
We conclude that the language of the statute is not so vague that persons of common intelligence must necessarily guess at its meaning and differ as to its application. Moreover, the statute gave the appellee fair warning of the criminality of his own conduct. We reject the trial court's holding that sections 790.001(4)-(5) and 791.01 are unconstitutionally void for vagueness.
The state concedes that the language in section 790.001(4) is unconstitutional as an improper delegation of authority to an administrative agency. We agree.
The legislature may not delegate open-ended authority such that "no one can say with certainty, from the terms of the law itself, what would be deemed an infringement of the law." B.H. v. State, 645 So.2d 987, 993 (Fla. 1994), citing Conner v. Joe Hatton, Inc., 216 So.2d 209, 211 (Fla. 1968). "The Legislature ... may enact a law, complete in itself, designed to accomplish a general public purpose, and may expressly authorize designated officials within definite valid limitations to provide rules and regulations for the complete operation and enforcement of the law within its expressed general purpose." Conner, citing State v. Atlantic Coast Line Railway Co., 56 Fla. 617, 47 So. 969 (1908). "The delegation of authority to define a crime ... is of such a different magnitude from noncriminal cases that more stringent rules and greater scrutiny certainly is required." B.H., 645 So.2d at 993. The Florida legislature cannot enact a statute which prospectively delegates authority to the federal government by incorporating future federal statutory or administrative action. Cilento v. State, 377 So.2d 663 (Fla. 1979); Florida Citrus Processors Ass'n v. Jesse J. Parrish, Inc., 415 So.2d 1299 (Fla. 2d DCA), review denied, 422 So.2d 842 (Fla. 1982).
The language of section 790.001(4) provides no definite limitations or rules and regulations for the BATF to apply in determining whether an item is a destructive device. Unlike the statutes addressed in the Cilento and Florida Citrus Processors cases, no federal regulatory scheme is identified. Moreover, the statutory language could be applied to make criminal the possession or detonation of a device determined in the future by the BATF to be a destructive device. We hold that that portion of section 790.001(4) providing "any device declared a destructive device by the Bureau of Alcohol, Tobacco, and Firearms;" is invalid as an unconstitutional delegation of legislative authority.
The unconstitutionality of this portion of the statute does not, however, necessarily condemn the entire act.
When a part of a statute is declared unconstitutional the remainder of the act will be permitted to stand provided: (1) the unconstitutional provisions can be separated from the remaining valid provisions, (2) the legislative purposes expressed in the valid provisions can be accomplished independently of those which are void, (3) the good and the bad features are not so inseparable in substance that it can be said that the Legislature would have passed the one without the other and (4) an act complete in itself remains after the invalid provisions are stricken.
Cramp v. Board of Public Instruction of Orange County, 137 So.2d 828, 830 (Fla. 1962).
The court should adopt a narrowing construction on a statute when to do so does not effectively rewrite the enactment. Stalder, 630 So.2d at 1076. The unconstitutional provision here is one of five separately standing definitions of "destructive device," and can easily be separated from the remaining provisions. The legislative intent to protect the public from the unlawful possession or setting off of destructive devices is adequately served by the operation of the alternative definitions. The faulty features of the unconstitutional language are not inseparable from the other provision; they are, in fact, clearly distinct.
The act is complete in itself when given a narrowed construction. Here, where the questioned portion of the statutory language, by itself, does not render the entire statutory scheme of chapters 790 and 791 *479 unconstitutional, the narrowed construction may be upheld.
Because we hold that section 791.061 may be applied to the type of device the appellee possessed and detonated, it was error for the trial court to dismiss the charges against appellee because it found that, in any event, the subject devices were fireworks.
When material factual allegations in a (c)(4) motion are denied or disputed in the traverse, the trial court must deny the motion to dismiss. A (c)(4) motion should only be granted where the most favorable construction to the state would not establish a prima facie case of guilt. The proceeding is the equivalent of a civil summary judgment proceeding. It is not the trial court's function to make factual determinations in this context.
State v. Diaz, 627 So.2d 1314, 1315 (Fla. 2d DCA 1993).
We affirm in part, reverse in part, and remand for further proceedings consistent with this opinion.
CAMPBELL and PARKER, JJ., concur.