PARKER, Acting Chief Judge.
The state seeks review of the trial court’s order granting Sanders’ motion to dismiss a charge of carrying a concealed firearm. We reverse because the state satisfied its burden in filing a traverse that disputed Sanders’ assertion that he had no knowledge of the presence of the firearm.
Although the record is not clear, it appears undisputed that when the officers approached Sanders’ illegally parked pickup truck, they saw Sanders push something under the seat of the truck where the officer eventually located the pistol. A second firearm, which was an encased rifle behind the vehicle’s seat, does not appear from the record to be involved in the pending charge.
Sanders filed a motion to dismiss pursuant to Florida Rule of Criminal Procedure 3.190(c)(4). Sanders alleged that he did not know that the firearm was present in the truck and that he had two other passengers, Noe and Brian, in the truck with him. Brian told Sanders that he was carrying a firearm. After Sanders parked the truck, Brian got out of the truck and entered a nearby bar, leaving the firearm under the seat without Sanders’ knowledge. Sanders stated that after the officer discovered the pistol under the seat, Noe, the codefendant, told the officer that the gun belonged to Brian, who was standing on the sidewalk.
The state, in its traverse to the motion, specifically denied that Noe told the officer that the gun belonged to Brian. Further, the state alleged that Sanders initially said that he had no knowledge of how the guns got into the truck. Later, Sanders told the officer that some people drove his truck earlier, but then was unable to provide any names.
The trial court erred by granting the motion to dismiss, because the state carried its burden by alleging additional facts that put in dispute Sanders’ knowledge of the presence of the pistol. See State v. Diaz, 627 So.2d 1314 (Fla. 2d DCA 1993). Thus, when construed in a light most favorable to the state, it cannot be said that a. jury could not find that Sanders had knowledge of the presence of the gun. See State v. Lukas, 652 So.2d 1177 (Fla. 2d DCA 1995).
Reversed and remanded.
LAZZARA and QUINCE, JJ., concur.