682 So.2d 659 (1996)
Mario Alejandro FERRER, Petitioner,
v.
Donald MANNING, Director, Dade County Department of Corrections, Respondent.
Nos. 95-1418, 96-2094.
District Court of Appeal of Florida, Third District.
November 6, 1996.
Bennett H. Brummer, Public Defender, and Manuel Alvarez, Assistant Attorney General, for petitioner.
Robert A. Butterworth, Attorney General, and Angelica D. Zayas and Paulette Taylor, Assistant Attorneys General, for respondent.
Before NESBITT, JORGENSON and GREEN, JJ.
NESBITT, Judge.
Mario Alejandro Ferrer petitions this court for a writ of habeas corpus on the grounds that his appellate counsel on direct appeal was ineffective. We grant the petition, reverse Ferrer's conviction and remand for a new trial.
On July 13, 1992, under an adverse jury verdict, Ferrer was convicted of: (a) attempted burglary of a conveyance, (b) attempted robbery, (c) burglary of a conveyance with an assault, (d) two counts of kidnapping, and (e) armed robbery. On direct appeal this court affirmed without opinion Ferrer's convictions and sentences. Ferrer v. State, 626 So.2d 221 (Fla. 3d DCA 1993). Ferrer then filed the instant petition for habeas corpus relief.[1]
The facts underlying Ferrer's first claim of ineffectiveness are as follows. During their deliberations, the jury asked that certain testimony be read back to them. After a long discussion with counsel for both parties, and in Ferrer's presence, the judge decided that during the readback the courtroom would be cleared of everyone but two court reporters and the jury. Given that the requested testimony would take several hours to read, the court reporters alternated between reading back the testimony while the other took down what transpired.
In his petition for habeas corpus relief Ferrer argues that his appellate counsel was ineffective for failing to raise and argue as error the trial judge's absence during the readback; especially given the nonexistence of a knowing and intelligent waiver of the judge's presence by Ferrer himself. Such circumstances are considered fundamental error and are per se reversible. Bryant v. State, 656 So.2d 426, 428-29 (Fla.1995); Wallace *660 v. State, 650 So.2d 95 (Fla. 5th DCA 1995); Glee v. State, 639 So.2d 1092 (Fla. 4th DCA 1994); Maldonado v. State, 634 So.2d 661 (Fla. 5th DCA 1994).
The governing standard to be applied in evaluating claims of ineffective assistance of appellate counsel is as follows:
A person convicted of a crime, whose conviction has been affirmed on appeal and who seeks relief from the conviction or sentence on the ground of ineffectiveness of counsel on appeal must show, first, that there were specific errors or omissions of such magnitude that it can be said that they deviated from the norm or fell outside the range of professionally acceptable performance; and second, that the failure or deficiency caused prejudicial impact on the appellant by compromising the appellate process to such a degree as to undermine confidence in the fairness and correctness of the outcome under the governing standards of decision.
Johnson v. Wainwright, 463 So.2d 207, 209 (Fla.1985); see also Wilson v. Wainwright, 474 So.2d 1162 (Fla.1985).
First, we must determine whether Ferrer's counsel's omission was of the previously described magnitude. Clearly, the failure to raise and argue error which is fundamental and per se reversible constitutes conduct outside the range of professionally acceptable appellate performance. The state argues, however, that counsel's performance cannot be considered substandard because the rule applied in cases such as Bryant, 656 So.2d at 428, was not announced until after Ferrer's appeal became final. Additionally, the state contends appellate counsel may have made a strategic decision not to raise the issue in light of Ferrer's failure to object when his trial counsel waived the trial judge's presence. We disagree.
In Brown v. State, 538 So.2d 833, 835 (Fla.1989), our supreme court recognized that "the presence of a judge during trial is a fundamental right which can be waived only in limited circumstances and then only by a fully informed and advised defendant, and not by counsel acting alone." This court, in Kemp v. State, 611 So.2d 13, 14 (Fla. 3d DCA 1992), found "that the trial court committed per se reversible error by its communications with the jury outside the presence of the parties, and by its permitting the court reporter to enter the jury room without the presence of trial counsel or the court." (second emphasis added).
Moreover, a review of indistinguishable cases decided after Ferrer's counsel filed his brief on direct appeal reveals that, in arriving at a reversal, they simply applied Brown's holding to the facts presented. For example, in Maldonado, 634 So.2d at 661, both parties' counsel and the trial court, without consulting the defendant, agreed that the court reporter alone would be sent in to the jury room to read back certain testimony requested by the jury. In reversing and remanding for a new trial, the court briefly laid out the facts in Brown and followed with a block quote of the case's holding. Id. at 662; see also Wallace v. State, 650 So.2d 95 (Fla. 5th DCA 1995); Glee v. State, 639 So.2d 1092 (Fla. 4th DCA 1994).
Finally, an examination of the Bryant case itself shows that the court was not announcing a new rule of law but rather was merely applying existing precedent to the facts.
The presence of a judge, who will insure the proper conduct of a trial, is essential to the state and federally guaranteed rights of trial by an impartial jury. Brown v. State, 538 So.2d 833, 835 (Fla.1989); Peri v. State, 426 So.2d 1021, 1023-24 (Fla. 3d DCA), review denied, 436 So.2d 100 (Fla. 1983). Although this right can be waived under some circumstances, such waiver must be "by a fully informed and advised defendant, and not by counsel acting alone." Brown, 538 So.2d at 835. Waiver of the trial judge's presence cannot be implied because of a defendant's failure to make a timely objection. Id.; McCollum v. State, 74 So.2d 74, 77 (Fla.1954). Although defense counsel and the state attorney agreed to the judge's absence in this case, the defendant Bryant did not because he was not consulted about this procedure by his attorney or the trial court. Thus, Bryant did not knowingly, intelligently, and voluntarily waive the trial judge's presence during the readback. As this *661 Court explained in Brown, "the presence of a judge during trial is a fundamental right." 538 So.2d at 835 (emphasis added). Thus, the trial court's absence during the readback of testimony without a valid waiver constitutes reversible error. McCollum; Maldonado v. State, 634 So.2d 661 (Fla. 5th DCA 1994).
Bryant, 656 So.2d at 428-29 (footnote omitted).
Thus, we conclude that Ferrer's counsel's omission on direct appeal fell outside the range of professionally acceptable performance. We also conclude that counsel's failure to raise and argue the issue undermines confidence in the fairness and correctness of the outcome under the governing standards of decision.[2] We grant the petition for habeas corpus, reverse Ferrer's conviction and remand for a new trial.
NOTES
[1] After filing the petition, Ferrer filed a motion for post-conviction relief under rule 3.850 on different grounds. The lower court denied the motion, and Ferrer has appealed that denial in Case No. 96-2094. Given our disposition of Ferrer's habeas corpus petition, we dismiss the appeal as moot.
[2] We deny the state's request for conflict certification as the purportedly conflicting statements in Harris v. State, 580 So.2d 243 (Fla. 1st DCA 1991), are pure obiter dicta. See Hillsborough County Aviation Authority v. Hillsborough County Governmental Employees Ass'n, Inc., 482 So.2d 505, 509 (Fla. 2d DCA 1986).