715 So.2d 1177 (1998)
Robert C. MORRIS, Appellant,
v.
STATE of Florida, Appellee.
No. 97-0035.
District Court of Appeal of Florida, Fourth District.
September 2, 1998.
*1178 Richard L. Jorandby, Public Defender, Cherry Grant, Assistant Public Defender, West Palm Beach, for appellant.
Robert Morris, appellant, pro se.
Robert A. Butterworth, Attorney General, Tallahassee, Douglas Gurnic, Assistant Attorney General, West Palm Beach, for appellee.

ON MOTION FOR REHEARING
STONE, Chief Judge.
We deny Defendant's motion for rehearing but withdraw our opinion of June 3, 1998, and substitute the following opinion modifying the fourth paragraph.
Defendant appeals his conviction and sentence for battery. We affirm as to all issues.
First, Defendant argues that the state's traverse was insufficient. The traverse denied factual allegations contained in the motion to dismiss. The traverse also set forth its own version of the facts which contradicted Defendant's allegations. The trial court is required to deny Defendant's motion to dismiss when presented with such a traverse. See Boler v. State, 678 So.2d 319 (Fla.1996); State v. Lukas, 652 So.2d 1177 (Fla. 2d DCA 1995) (when material factual allegations in motion to dismiss are denied or disputed in traverse, trial court must deny motion); State v. Wall, 445 So.2d 646 (Fla. 2d DCA 1984).
Second, Defendant argues that the state violated his speedy trial rights as provided by Florida Rule of Criminal Procedure 3.191. Defendant was initially charged with simple battery, a misdemeanor, in county court. Defendant waived his right to speedy trial in that case. Subsequently, the state nolle prossed the battery charge and filed a new information in circuit court, based on the same criminal episode, alleging felony charges for battery of a person 65 years of age or older. We conclude that Defendant's waiver of speedy trial in the county court carried over to the new information filed in the circuit court because the charge was based on the same criminal episode.
We recognize that, patently, a felony statute of limitations is longer than that for misdemeanors. Nevertheless, the waiver of speedy trial as to one information applies to an amended, or subsequent, information where the amended charge is based on the same criminal episode. See Stewart v. State, 491 So.2d 271, 272 (Fla.1986) (speedy trial waiver on felony charge carried over to refiled *1179 information charging only misdemeanor; "defendant waives his speedy trial right as to all charges which emanate from the same criminal episode."); State v. Savorelli, 669 So.2d 1083 (Fla. 2d DCA 1996); State v. Albanez, 448 So.2d 596 (Fla. 2d DCA 1984); Conner v. State, 398 So.2d 983 (Fla. 1st DCA 1981). Defendant argues that applying his waiver to the amended information is not fair where the amended information charges a felony. However, a waiver applies equally to a re-filed information alleging a crime which is more serious than the crime initially charged. See Haliburton v. State, 514 So.2d 1088 (Fla.1987) (defendant's waiver of speedy trial following indictment for burglary applied both to burglary charge and to first-degree murder indictment which grand jury subsequently returned after waiver, where both charges emanated from single criminal episode); State v. Stanzione, 315 So.2d 500 (Fla. 4th DCA 1975).
Third, Defendant argues that the trial judge erred by leaving the courtroom during a read-back of witness testimony. Generally, the presence of the judge during all aspects of the trial, including a read-back of testimony to the jury, is required as a fundamental right. See Ferrer v. Manning, 682 So.2d 659 (Fla. 3d DCA 1996). However, this right can be waived provided the waiver is made "by a fully informed and advised defendant, and not by counsel acting alone." Bryant v. State, 656 So.2d 426, 428 (Fla. 1995); see also Glee v. State, 639 So.2d 1092 (Fla. 4th DCA 1994) (right to judge's presence during read-back of testimony can be waived, but not through counsel acting alone). In the instant case, the judge clearly advised Defendant of his right to the judge's presence during the read-back and asked Defendant several times whether he objected to the judge's absence. Both Defendant and his lawyer gave their consent to the judge's absence. We find Defendant's waiver to be knowing and voluntary and, therefore, decline to reverse on this ground.
Fourth, we find no error in the trial judge's refusal to instruct the jury that Defendant had no duty to retreat before using non-deadly force to defend himself against the victim. Cases cited by Defendant all relate to the "castle doctrine," which provides that a person has no duty to retreat before using deadly force when that person is attacked in his or her own home. See Cannon v. State, 464 So.2d 149 (Fla. 5th DCA 1985). This instruction is only given when justifiable use of deadly force is involved. That is because the standard jury instruction for justifiable use of deadly force states in part that deadly force cannot be justified unless a defendant used "every reasonable means within his power and consistent with his own safety to avoid the danger before resorting to that force." Standard Jury Instr. 3.04(d). The supreme court has held that, "to the lay mind this well could be construed to mean a duty to run or get out of the way." Hedges v. State, 172 So.2d 824, 827 (Fla.1965).
No language implying a duty to run or avoid danger is found in the standard jury instruction for non-deadly use of force. Because no portion of the jury instruction given in this case implied that a duty to retreat existed, the court did not err in refusing to give the requested "castle doctrine" instruction.
We also find no error in any of the other points raised by Defendant and, therefore, affirm his conviction and sentence.
FARMER and GROSS, JJ., concur.