CAMPBELL, Judge.
The State challenges the trial court order granting Appellee’s motion to dismiss the grand theft charge filed against him. We reverse.
Appellee was charged with grand theft based on his removal of a News Press vending machine from its location adjacent to a Fort Myers street. He pleaded not guilty and filed a Florida Rule of Criminal Procedure 3.190(c)(4) motion to dismiss, alleging that the undisputed facts did not establish a prima facie case of guilt against him. In his sworn motion, he alleged that on September 17,1996 at 3:00 a.m., he was returning home drunk after a night of drinking in Fort Myers. He saw a News Press vending machine at the side of the road and put it in the bed of his pickup truck. He had “only a vague recollection of [his] thought process at that time.” However, within a matter of minutes, he knew that he had made a mistake, and wanted to return the vending machine. When his truck became stuck at the side of the road, he slid the machine off the end of the truck and tried to return it, but it was too heavy and he was too drunk. He then called the police to help him return the vending machine. When police arrived, he told them what had happened, that he was sorry, and that he wanted to make things right. Before he called the police, he had decided that he did not want to take the vending machine after all. Appellee was not arrested at the scene, but was arrested several days later on September 23, 1996, and was charged with third degree grand theft.
The State filed a traverse to Appel-lee’s motion to dismiss. The State maintained that it had no knowledge of the degree, if any, of Appellee’s intoxication, but that the defense of voluntary intoxication was for the trier of fact. The State also took issue with Appellee’s assertion that he had only a vague recollection of his state of mind at the time of the taking. This too, the State maintained, was an issue for the trier of fact. Finally, the State asserted that Appellee’s allegations regarding his intent to take the vending machine could be construed to establish mens rea. Furthermore, the issue of voluntary renunciation is an issue for the trier of fact.
The State maintains that the court was obligated to deny the motion to dismiss once it filed a traverse that specifically denied or disputed under oath material factual allegations. We agree. While based on the facts before us it might appear that this is a case that the prosecutor in his discretion should have chosen not to prosecute, that is a discretion that neither we nor the trial judge possess. The State’s traverse specifically disputed Ap-pellee’s alleged intoxication and his alleged renunciation of criminal intent. ‘When material factual allegations in a(c)(4) motion are denied or disputed in the traverse, the trial court must deny the motion to dismiss.” State v. Diaz, 627 So.2d 1314 (Fla. 2d DCA 1993). The motion to dismiss should have been denied. Accordingly, we reverse.
PATTERSON, C.J. and SALCINES, J., Concur.