COPE, J.
Appellant Kelly Jo Sims was plaintiff below in an action against her uninsured *384 motorist carrier. She appeals a judgment entered after a jury trial.[1] We affirm.
First, appellant claims the trial court erred in failing to grant a mistrial where, during a trial recess, one of the jurors handed the defense attorney a magazine advertisement regarding specially designed furniture which supposedly alleviates chronic back pain. The juror had found the article while reading a magazine in the jury room. We find no abuse of discretion in the trial court’s decision to (1) excuse the one juror who handed the advertisement to the attorney and (2) deny appellant’s request for a mistrial. The court interviewed all of the jurors. Other than the excused juror, the jurors either did not see the advertisement, saw the advertisement but did not read it, or did not remember what the advertisement was about except that the advertisement involved the back. The jurors who were aware of the content of the advertisement all stated that the advertisement would have no effect on their consideration of the instant case. In light of the jurors’ responses, we see no abuse of discretion in the trial court’s decision. The trial court was in the best position to determine the credibility of the jurors’ responses and we decline to disturb the court’s ruling. See Derrick v. State, 581 So.2d 31, 35 (Fla. 1991); CSX Transp., Inc. v. Whittler, 584 So.2d 579, 586 (Fla. 4th DCA 1991).
Second, appellant contends that the trial court committed error in leaving the courtroom during the playing of videotaped testimony of four of plaintiffs witnesses. This procedure appears to have originated, or at least was encouraged by, the parties’ counsel so the trial could proceed while the judge was absent to attend a required judges meeting, and on the following morning, to handle her previously scheduled motion calendar. The judge explained that she would view the videotapes later. Appellant’s counsel made no objection to this procedure, and the point is therefore not preserved for appellate review.
Appellant argues that it was fundamental error for the judge to be absent during trial. She points out that in criminal cases, there must be an on-the-record waiver by the criminal defendant in order to allow the trial to proceed without the judge’s presence. See Bryant v. State, 656 So.2d 426, 428-29 (Fla.1995); Ferrer v. Manning, 682 So.2d 659, 660-61 (Fla. 3d DCA 1996). That rule, however, derives from concerns peculiar to criminal prosecutions, and we see no sound reason to extend the criminal rule to civil cases. It was incumbent on counsel to make an objection and there was none.
Finally, appellant claims that she is entitled to reversal, contending (1) appellee intentionally misrepresented evidence; (2) the verdict was unsupported by the evidence; and (3) she was entitled to a directed verdict as to the issue of permanency. We disagree and affirm the trial court’s rulings in each instance.
Affirmed.

. The jury returned a verdict in favor of appellant awarding her $5,000 for past medical expenses and $10,000 for lost wages. The jury awarded nothing for future medical expenses and loss of future earnings. The court entered judgment in favor of appellant for $1,933.42 after considering certain set-offs. The court then entered a judgment in favor of appellee for attorney's fees and costs under the offer of judgment statute.