No. 82–5335.   SMITH *v.* NORTH CAROLINA;

No. 82–5352.   WILLIAMS *v.* NORTH CAROLINA; and

No. 82–5353.   PINCH *v.* NORTH CAROLINA.   Sup. Ct. N. C.   Certiorari denied.   Reported below: No. 82–5335, 305 N. C. 691, 292 S. E. 2d 264; No. 82–5352, 305 N. C. 656, 292 S. E. 2d 243; No. 82–5353, 306 N. C. 1, 292 S. E. 2d 203.

Opinion of JUSTICE STEVENS respecting the denial of the petitions for writ of certiorari.

In each of these three capital cases the trial judge instructed the jury that it had a duty to impose the death penalty if it found: (1) that one or more aggravating circumstances existed; (2) that the aggravating circumstances were sufficiently substantial to call for the death penalty; and (3) that the aggravating circumstances outweighed the mitigating circumstances.   There is an ambiguity in these instructions that may raise a serious question of compliance with this Court's holding in *Lockett* v. *Ohio*, 438 U. S. 586 (1978).*

On the one hand, the instructions may be read as merely requiring that the death penalty be imposed whenever the

---

*"There is no perfect procedure for deciding in which cases governmental authority should be used to impose death.   But a statute that prevents the sentencer in all capital cases from giving independent mitigating weight to aspects of the defendant's character and record and to circumstances of the offense proffered in mitigation creates *the risk that the death penalty will be imposed in spite of factors which may call for a less severe penalty.*   When the choice is between life and death, that risk is unacceptable and incompatible with the commands of the Eighth and Fourteenth Amendments."   438 U. S., at 605 (plurality opinion) (emphasis added).

aggravating circumstances, discounted by whatever mitigating factors exist, are sufficiently serious to warrant the extreme penalty. Literally read, however, those instructions may lead the jury to believe that it is required to make two entirely separate inquiries: First, do the aggravating circumstances, considered apart from the mitigating circumstances, warrant the imposition of the death penalty? And second, do the aggravating circumstances outweigh the mitigating factors? It seems to me entirely possible that a jury might answer both of those questions affirmatively and yet feel that a comparison of the totality of the aggravating factors with the totality of mitigating factors leaves it in doubt as to the proper penalty. But the death penalty can be constitutionally imposed only if the procedure assures reliability in the determination that "'death is the appropriate punishment in a specific case.'" *Lockett, supra,* at 601 (plurality opinion), quoting *Woodson* v. *North Carolina,* 428 U. S. 280, 305 (1976) (opinion of Stewart, POWELL, and STEVENS, JJ.).

A quotation from a recent opinion by the Utah Supreme Court, which takes a less rigid approach to this issue, will illustrate my point. In *State* v. *Wood,* 648 P. 2d 71, 83 (1982), that court wrote:

> "It is our conclusion that the appropriate standard to be followed by the sentencing authority—judge or jury—in a capital case is the following:
>
> "After considering the totality of the aggravating and mitigating circumstances, you must be persuaded beyond a reasonable doubt that total aggravation outweighs total mitigation, and you must further be persuaded, beyond a reasonable doubt, that the imposition of the death penalty is justified and appropriate in the circumstances.'
>
> "These standards require that the sentencing body compare the totality of the mitigating against the totality of the aggravating factors, not in terms of the relative numbers of the aggravating and the mitigating factors,

but in terms of their respective substantiality and persuasiveness. Basically, what the sentencing authority must decide is how compelling or persuasive the totality of the mitigating factors are when compared against the totality of the aggravating factors. The sentencing body, in making the judgment that aggravating factors 'outweigh,' or are more compelling than, the mitigating factors, must have no reasonable doubt as to that conclusion, and as to the additional conclusion that the death penalty is justified and appropriate *after considering all the circumstances.*" (Emphasis added.)

The petitions for certiorari in these three cases request the Court to review the decision of the Supreme Court of North Carolina affirming the death penalty in each case. I do not criticize the Court's action in denying certiorari because the question whether the instructions to the juries are consistent with *Lockett* remains open for consideration in collateral proceedings. Moreover, even if relief may not be warranted in these cases, the North Carolina judiciary may find it appropriate to make slight changes in the form of its instructions to avoid the ambiguity I have identified.

JUSTICE BRENNAN and JUSTICE MARSHALL dissenting.

Adhering to our views that the death penalty is in all circumstances cruel and unusual punishment prohibited by the Eighth and Fourteenth Amendments, *Gregg* v. *Georgia,* 428 U. S. 153, 227, 231 (1976), we would grant certiorari and vacate the death sentences in these cases.