1062

No. 84–5716. LINELL v. ARKANSAS. Sup. Ct. Ark. Certiorari denied. JUSTICE BRENNAN and JUSTICE MARSHALL would grant certiorari. 
██

No. 84–5736. WHITE v. MARYLAND. Ct. App. Md. Certiorari denied. 

JUSTICE MARSHALL, with whom JUSTICE BRENNAN joins, dissenting.

Adhering to my view that the death penalty is in all circumstances cruel and unusual punishment forbidden by the Eighth and Fourteenth Amendments, I would vacate the judgment of the Court of Appeals of Maryland insofar as it leaves undisturbed the death sentence imposed in this case. See *Gregg* v. *Georgia*, 428 U. S. 153, 231 (1976) (MARSHALL, J., dissenting); *Furman* v. *Georgia*, 408 U. S. 238, 314 (1972) (MARSHALL, J., concurring). However, even if I believed that the death penalty could constitutionally be imposed under certain circumstances, I would grant certiorari and vacate the death sentence imposed here.

The petitioner was sentenced pursuant to a statute that *requires* that a death sentence be imposed *whenever* the mitigating circumstances do not outweigh the aggravating circumstances. Md. Ann. Code, Art. 27, § 413(h) (1982). The statute leaves no room for the jury to consider whether death is the appropriate punishment in a specific case. For the reasons I stated earlier this Term in *Stebbing* v. *Maryland*, 469 U. S. 900 (1984) (dissenting from denial of certiorari), I believe that such a statute is unconstitutional. The question presented here, which is also presented by other state statutes, is clearly worthy of this Court's attention. See, *e. g.*, *Maxwell* v. *Pennsylvania*, 469 U. S. 971 (1984) (MARSHALL, J., dissenting from denial of certiorari); *Smith* v. *North Carolina*, 459 U. S. 1056 (1982) (STEVENS, J., respecting denial of certiorari). I therefore dissent from the Court's refusal to hear this case.

No. 84–5770. STULL v. UNITED STATES. C. A. 6th Cir. Certiorari and other relief denied. 
██