No. 84–6447.   TEAGUE v. TENNESSEE.   Sup. Ct. Tenn.   Certiorari denied.

JUSTICE MARSHALL, with whom JUSTICE BRENNAN joins, dissenting.

At the sentencing stage of a capital proceeding, Tennessee requires a capital defendant to prove that any mitigating circum-

stances he has established outweigh any aggravating circumstances the State has proved. State law provides:

> "If the jury unanimously determines that at least one statutory aggravating circumstance or several statutory aggravating circumstances have been proved by the state beyond a reasonable doubt, and said circumstance or circumstances are not outweighed by any mitigating circumstances the sentence *shall* be death." Tenn. Code Ann. § 39–2–203(g) (1982) (emphasis added).

Sentencing juries are instructed that the defendant's failure to carry this burden requires automatic imposition of a death sentence. As the State Supreme Court has held: "[I]f the State does prove an aggravating circumstance beyond a reasonable doubt, then unless the jury finds that mitigation exists and outweighs the aggravating circumstance, it can only impose the death penalty." *State* v. *Melson*, 638 S. W. 2d 342, 366 (Tenn. 1982), cert. denied, 459 U. S. 1137 (1983). The jury in this case was so instructed.

I continue to believe such instructions and statutes are inconsistent with the Court's Eighth Amendment precedents.* They impermissibly suggest to the jury a more limited role than the Eighth Amendment requires it to play. A jury must always be free to confront the ultimate question whether "'death is the appropriate punishment'" in the specific case, even where mitigating factors do not outweigh aggravating factors. *Lockett* v. *Ohio*, 438 U. S. 586, 601 (1978) (plurality opinion) (quoting *Woodson* v. *North Carolina*, 428 U. S. 280, 305 (1976) (opinion of Stewart, POWELL, and STEVENS, JJ.)). The jury may wish to vote for life out of a desire to render mercy, or it may believe that the death penalty is simply inappropriate for the specific crime the defendant has committed. These factors are properly part of the sentencing process. "[T]he sentencing process must permit consideration of the 'character and record of the individual offender and the circumstances of the particular offense as a constitutionally indispensable part of the process of inflicting the penalty of death.'"

---

*See *White* v. *Maryland*, 470 U. S. 1062 (1985) (dissenting from denial of certiorari); *Maxwell* v. *Pennsylvania*, 469 U. S. 971 (1984) (dissenting from denial of certiorari); *Stebbing* v. *Maryland*, 469 U. S. 900 (1984) (dissenting from denial of certiorari); *Jones* v. *Illinois*, 464 U. S. 920 (1983); *King* v. *Mississippi*, 461 U. S. 919 (1983) (dissenting from denial of certiorari); see also *Smith* v. *North Carolina*, 459 U. S. 1056 (1982) (STEVENS, J., respecting denial of certiorari).

*Lockett, supra,* at 60 (quoting *Woodson, supra,* at 304). See also *Roberts* v. *Louisiana,* 431 U. S. 633, 637 (1977).

Tennessee's statute appears to write less quantifiable mitigating factors, such as the desire to render mercy, out of the sentencing proceeding. Because the statute is likely to mislead sentencing juries into believing that only mitigating factors they can label and "weigh" against aggravating ones can properly be considered, I would grant certiorari to review the statute's constitutionality. I therefore dissent.