656 So.2d 426 (1995)
Byron B. BRYANT, Appellant,
v.
STATE of Florida, Appellee.
No. 81862.
Supreme Court of Florida.
April 13, 1995.
Rehearing Denied June 19, 1995.
*427 Charles W. Musgrove, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen. and Sara D. Baggett, Asst. Atty. Gen., West Palm Beach, for appellee.
PER CURIAM.
Byron B. Bryant appeals his convictions for armed robbery and first-degree murder and the death sentence imposed. We have jurisdiction pursuant to article V, section 3(b)(1) of the Florida Constitution. For the reason discussed below, we reverse the convictions and vacate the sentence.
Bryant was charged with the first-degree murder of Leonard Andre during an armed robbery of Andre's Market in Delray Beach, Florida, on December 16, 1991. Andre died from two contact gunshot wounds sustained as he struggled with his assailant during the robbery. Neither Andre's wife nor his brother-in-law, who were present during the robbery, identified Bryant as the assailant in photo lineups or at trial. A witness who viewed the incident from across the street was only able to give a very general description of the two men who ran from the scene. This witness was also unable to identify Bryant in photo lineups or at trial. No physical evidence tied Bryant to the crime. However, the police developed Bryant as a suspect after several of his acquaintances contacted the police about his involvement. The primary evidence presented against Bryant at trial was a confession taped at the police station following his arrest.
The jury found Bryant guilty on both counts and recommended a death sentence by a nine to three vote. The judge followed the jury's recommendation and imposed a death sentence, finding two aggravating circumstances[1] and no mitigating circumstances.
Bryant raises seven issues on direct appeal: 1) the court's failure to excuse a number of jurors for cause and refusal to grant additional peremptory challenges to the defense; 2) the court's failure to grant a mistrial when the prosecutor violated the judge's order and implied that an uncalled witness had implicated Bryant in the robbery and murder; 3) the court's failure to enforce the witness sequestration rule during the suppression hearing; 4) the instruction of the jury on the lesser included offenses over Bryant's objection; 5) the failure to obtain a new jury for the penalty phase or to poll jurors about the effect of Bryant's violent outburst when the verdict was announced and the effect of seeing Bryant in shackles; 6) the death sentence is improper; and 7) the judge's absence from the courtroom for the readback of testimony requested by the jury without a waiver of his presence by Bryant.
In issue one, Bryant argues that the trial court erred in refusing to excuse six prospective jurors for cause, thereby forcing the defense to expend its peremptory challenges to remove them. Defense counsel argued that the jurors' answers during voir dire questioning raised reasonable doubts whether they could give proper consideration to recommending a life sentence during the penalty phase. The trial court denied the challenges for cause after permitting the state attorney to question the challenged jurors. After exhausting all peremptory challenges, defense counsel requested six additional *428 challenges and specified the jurors that he wanted to strike peremptorily. The court granted only one additional peremptory challenge, which the defense used to strike one of the specified jurors. The remaining jurors that defense counsel wanted to strike peremptorily were ultimately seated on Bryant's jury.
We first address the propriety of the trial court's refusal to grant the challenges for cause. The test for determining juror competency is whether the juror can lay aside any bias or prejudice and render a verdict solely upon the evidence presented and the instructions on the law given by the court. Lusk v. State, 446 So.2d 1038, 1041 (Fla.), cert. denied, 469 U.S. 873, 105 S.Ct. 229, 83 L.Ed.2d 158 (1984). In applying this test, if "any reasonable doubt exists as to whether a juror possesses the state of mind necessary to render an impartial recommendation as to punishment, the juror must be excused for cause." Hill v. State, 477 So.2d 553, 556 (Fla. 1985).
During initial voir dire questioning in the instant case, the challenged jurors expressed strong support of the death penalty and a predisposition to impose the death penalty if the defendant was convicted of first-degree murder. However, upon questioning by the state attorney, five of the challenged jurors stated either that they would follow the court's instructions or that they would weigh the aggravating and mitigating factors to determine whether death was the appropriate sentence. Thus, the trial court did not abuse its discretion in refusing to excuse these five prospective jurors because they met the Lusk standard.
However, the record reflects that prospective juror Pekkola did not possess the requisite impartial state of mind. Pekkola indicated that he was a strong supporter of the death penalty, and believed that if someone is guilty of first-degree murder the appropriate penalty is the death penalty and that a life sentence is too lenient. Although Pekkola stated that he could follow the court's instructions, his other responses were sufficiently equivocal to cast doubt on this. Thus, the court erred in denying Bryant's challenge for cause of this prospective juror.
However, we find that the error did not constitute reversible error in this case. Florida adheres to "the general rule that it is reversible error for a court to force a party to use peremptory challenges on persons who should have been excused for cause, provided the party subsequently exhausts all of his or her peremptory challenges and an additional challenge is sought and denied." Hill, 477 So.2d at 556 (emphasis added); accord Trotter v. State, 576 So.2d 691, 693 (Fla. 1990). In this case, even though Bryant was forced to use one of his peremptory challenges to strike the juror who should have been removed for cause, he requested and received one additional peremptory challenge that he exercised to strike another juror. Thus, Bryant was not harmed by the court's error in denying this challenge for cause and reversal is not required on this basis.
Bryant also argues that the judge committed fundamental error by leaving the courtroom during a readback of testimony without an informed waiver of the judge's presence by the defendant. During the guilt phase deliberations, the jury sent several questions to the court, including a request to view transcripts of the police officers' testimony relating to the reasons for arresting Bryant. The judge, state attorney, and defense counsel assembled to discuss the requests and agreed that the officers' testimony would be read back to the jury in its entirety. When defense counsel noted that Bryant was not present, the judge requested that he be brought into the courtroom. The judge also conducted a colloquy in which the attorneys agreed that the judge need not be present during the readback. The record does not indicate when Bryant was brought into the courtroom or whether he was present during this colloquy.
The presence of a judge, who will insure the proper conduct of a trial, is essential to the state and federally guaranteed rights of trial by an impartial jury. Brown v. State, 538 So.2d 833, 835 (Fla. 1989); Peri v. State, 426 So.2d 1021, 1023-24 (Fla. 3d DCA), review denied, 436 So.2d 100 (Fla. 1983). Although this right can be waived under some *429 circumstances,[2] such waiver must be "by a fully informed and advised defendant, and not by counsel acting alone." Brown, 538 So.2d at 835. Waiver of the trial judge's presence cannot be implied because of a defendant's failure to make a timely objection. Id.; McCollum v. State, 74 So.2d 74, 77 (Fla. 1954). Although defense counsel and the state attorney agreed to the judge's absence in this case, the defendant Bryant did not because he was not consulted about this procedure by his attorney or the trial court. Thus, Bryant did not knowingly, intelligently, and voluntarily waive the trial judge's presence during the readback. As this Court explained in Brown, "the presence of a judge during trial is a fundamental right." 538 So.2d at 835 (emphasis added). Thus, the trial court's absence during the readback of testimony without a valid waiver constitutes reversible error. McCollum; Maldonado v. State, 634 So.2d 661 (Fla. 5th DCA 1994).
Even though the reversal of Bryant's convictions renders the penalty phase issues moot, we find it necessary to address one aspect of the penalty phase not raised by Bryant on appeal. The sentencing order in this case does not comply with the requirements announced in Campbell v. State, 571 So.2d 415 (Fla. 1990). Campbell directs that "the sentencing court must expressly evaluate in its written order each mitigating circumstance proposed by the defendant to determine whether it is supported by the evidence and whether, in the case of nonstatutory factors, it is truly of a mitigating nature." Id. at 419 (footnote omitted). The order in this case contains a single conclusory statement that the judge found "no Mitigating Circumstances, statutory or otherwise." While we recognize that Bryant presented scant mitigating evidence, the court was still required to expressly consider in its sentencing order all mitigating evidence, both statutory and nonstatutory, apparent anywhere on the record. See Ellis v. State, 622 So.2d 991, 1001 (Fla. 1993). The instant order was deficient in that regard.
For the reason discussed above, we reverse Bryant's convictions and vacate the death sentence imposed. We remand this cause for a new trial.
It is so ordered.
SHAW, KOGAN, HARDING and ANSTEAD, JJ., concur.
WELLS, J., concurs in part and dissents in part with an opinion, in which GRIMES, C.J., concurs.
OVERTON, J., dissents.
WELLS, Justice, concurring in part and dissenting in part.
I dissent because I do not believe that the judgment in this case should be reversed on the issue under which the majority determines there to be reversible error. I also do not agree with the majority's conclusion that the trial court erred in not excusing juror Pekkola for cause.
The first issue reduces down to whether the trial judge abused his discretion in refusing to dismiss venireman Pekkola for cause. This court has repeatedly recognized that it is the trial judge who, by his or her live, person-to-person, in-the-flesh, courtroom impression, is in the best position to determine whether the venire person can be a fair and impartial juror. Recently, in Taylor v. State, 638 So.2d 30, 32 (Fla.), cert. denied, ___ U.S. ___, 115 S.Ct. 518, 130 L.Ed.2d 424 (1994), we said:
The trial judge's predominant function in determining juror bias involves credibility findings whose basis cannot be easily discerned from an appellate record, [Wainwright v.] Witt, 469 U.S. 412 at 429, 105 S.Ct. [844] at 854, [83 L.Ed.2d 841 (1985)] and it is the trial judge's duty to decide if a challenge for cause is proper. Id. at 423, 105 S.Ct. at 851.
In Mills v. State, 462 So.2d 1075, 1079 (Fla.), cert. denied, 473 U.S. 911, 105 S.Ct. 3538, 87 *430 L.Ed.2d 661 (1985), we set forth the standard for appellate review of a trial judge's finding in respect to a venire person challenged for cause:
The competency of a juror challenged for cause presents a mixed question of law and fact to be determined by the trial court. Manifest error must be shown to overturn the trial court's finding.
A reading of the entire voir dire, particularly those portions concerning Mr. Pekkola, does not reveal that the trial judge committed manifest error by exercising his discretion and denying the challenge for cause.
The voir dire was conducted in this case in groups. Counsel for both the defendant and the State asked many questions of the jurors which elicited answers demonstrating that the jurors, including Mr. Pekkola, really did not fully comprehend what was being asked. This appears to have been primarily because of a lack of familiarity with capital murder trial proceedings. Such venire confusion is not unusual. I believe the entirety of what Mr. Pekkola said clearly provided a basis for the trial court to decide within his discretion that Mr. Pekkola would follow the instructions of the trial court and be a fair and impartial juror. The trial judge was simply in a better position than we are, based on the record we have to review, to evaluate Mr. Pekkola's fitness to serve on the jury.
In respect to the issue of the trial judge not being present for the reading of the transcript, I agree with the majority that it was error for the trial court not to be present. However, I do not agree that the absence of the trial judge is per se reversible. This case is distinguishable from Brown v. State, 538 So.2d 833 (Fla. 1989). In that case, there were actual communications by counsel to the jury outside the presence of the trial judge. Here, there was only a reading of testimony by a court reporter. There is no claim by appellant that anything happened during the read-back that required the judge's presence or caused harm to appellant. Thus, the error is harmless. State v. DiGuilio, 491 So.2d 1129 (Fla. 1986). To require this case to be retried and the tragedy of this murder to be relived because of a procedural error which caused no harm again honors form at the expense of justice. As in Wike v. State, 648 So.2d 683 (Fla. 1994), I will not join in doing this.
I do concur that the case should be remanded to the trial judge for compliance with Campbell v. State, 571 So.2d 415 (Fla. 1990), by entering a sentencing order expressly evaluating each mitigating circumstance proposed by appellant.
GRIMES, C.J., concurs.
NOTES
[1] The sentencing order found that Bryant was previously convicted of other felonies involving the use or threat of violence to the person and that the murder was committed for pecuniary gain. § 921.141(5)(b), (f), Fla. Stat. (1991).
[2] The trial judge must be present during the questioning of prospective jurors in a criminal case and this requirement cannot be waived by anyone, including the defendant. State v. Singletary, 549 So.2d 996 (Fla. 1989). The judge's presence may not be waived when a jury wishes to communicate with the court during the course of its deliberations. Brown v. State, 538 So.2d 833 (Fla. 1989).