657 So.2d 8 (1995)
Ignacio Alejandro PEREA, a/k/a Ignacio Perea, Jr., Appellant,
v.
The STATE of Florida, Appellee.
No. 94-897.
District Court of Appeal of Florida, Third District.
May 10, 1995.
Supplemental Opinion June 28, 1995.
Paul Morris, Coral Gables, for appellant.
Robert A. Butterworth, Atty. Gen., and Michael J. Neimand, Asst. Atty. Gen., for appellee.
Before COPE, GODERICH and GREEN, JJ.
PER CURIAM.
Defendant Ignacio Alejandro Perea appeals his convictions for attempted first degree *9 murder, kidnapping, lewd assault, and capital sexual battery. We reverse.
As to the first point on appeal, we find no error on the part of the trial court in denying the defendant's renewed motion for discharge on speedy trial grounds. Reading the transcript of the hearing below in the light most favorable to the State as the prevailing party on this issue, there was an ample basis for the denial of the defendant's renewed motion.
As to the second point on appeal, defendant contends that the trial court erred by denying a challenge for cause of a juror who ultimately sat on the jury. Because the defendant had exhausted his peremptory challenges, he requested an additional peremptory challenge, which request was denied. Consequently defendant was unable to strike the juror. Defendant asks for a new trial.
The State first contends that this issue is not properly preserved for appellate review. We disagree. Defense counsel followed the procedures outlined in Trotter v. State, 576 So.2d 691, 693 (Fla. 1990), in the exercise of defense challenges for cause and peremptory challenges. We conclude that defendant's jury challenge issue is properly preserved for appellate review and reject the State's argument to the contrary.
As set forth in Turner v. State, 645 So.2d 444 (Fla. 1994):
The test for juror competency is "whether the juror can lay aside any bias or prejudice and render his [or her] verdict solely upon the evidence presented and the instructions on the law given to him [or her] by the court." The juror should be excused if there is any reasonable doubt about the juror's ability to render an impartial verdict.
Id. at 447 (citations omitted). "The competency of a juror challenged for cause presents a mixed question of law and fact to be determined by the trial court. Manifest error must be shown to overturn the trial court's finding." Mills v. State, 462 So.2d 1075, 1079 (Fla.), cert. denied, 473 U.S. 911, 105 S.Ct. 3538, 87 L.Ed.2d 661 (1985).
Recently, the Florida Supreme Court announced Bryant v. State, 656 So.2d 426 (Fla. 1995), which contains circumstances analogous to this case. There, the Court said:
However, the record reflects that prospective juror Pekkola did not possess the requisite impartial state of mind. Pekkola indicated that he was a strong supporter of the death penalty, and believed that if someone is guilty of first-degree murder the appropriate penalty is the death penalty and that a life sentence is too lenient. Although Pekkola stated that he could follow the court's instructions, his other responses were sufficiently equivocal to cast doubt on this. Thus, the court erred in denying Bryant's challenge for cause of this prospective juror.
Id.
Defendant in this case was charged with sexual assault on a minor at a time when defendant knew he was HIV positive. The prospective jurors filled out special questionnaires, and voir dire was conducted partially in open court and partially individually in chambers. The juror at issue turned in a questionnaire answer indicating that he was unsure whether he could give defendant a fair trial. This was partly because of a sexual molestation experience of one of the juror's family members. As was true in the Bryant case, the prospective juror indicated that he would follow the court's instructions, but his other responses on the ability to give a fair trial were equivocal. We conclude that there must be a new trial.
Reversed and remanded.

SUPPLEMENTAL OPINION
PER CURIAM.
Defendant-appellant has called to our attention the Florida Supreme Court's decision in State v. Gray, 654 So.2d 552 (Fla. 1995), in which the court held that there is no crime of attempted felony murder in Florida. The court also ruled that "[t]his decision must be applied to all cases pending on direct review or not yet final." Id. at 554 (citation omitted). The State concedes that State v. Gray must, therefore, be applied to this case. *10 Consequently, on authority of State v. Gray, we reverse the conviction of attempted felony murder and remand with directions to dismiss that count. The opinion released May 10, 1995 is modified accordingly. The remaining counts are reversed and remanded for a new trial, for the reasons outlined in the May 10, 1995 opinion.
The State's motion for rehearing is denied.
GODERICH and GREEN, JJ., concur.
COPE, Judge (concurring in part and dissenting in part).
I concur with reversal of the attempted felony murder count. After consideration of the State's motion for rehearing, I am persuaded that the defendant has not shown manifest error with regard to the challenged juror. I would grant rehearing on that point.