683 So.2d 158 (1996)
Jerome A. GILL, Appellant,
v.
The STATE of Florida, Appellee.
No. 96-478.
District Court of Appeal of Florida, Third District.
October 30, 1996.
Rehearing Denied December 11, 1996.
Bennett H. Brummer, Public Defender, and Rosa C. Figarola, Assistant Public Defender, for appellant.
*159 Robert A. Butterworth, Attorney General, and Douglas J. Glaid, Assistant Attorney General, for appellee.
Before GERSTEN, GODERICH and GREEN, JJ.
PER CURIAM.
Jerome A. Gill appeals his convictions for burglary of a dwelling with an assault and aggravated battery after a trial by jury. Of the three issues raised by Gill on this appeal, we deem only one to be meritorious and to warrant a new trial.
Gill asserts that during the voir dire proceeding, several prospective jurors should have been stricken for cause by the court, where their equivocal responses to certain questions cast a reasonable doubt on their ability to sit competently as fair and impartial jurors on this case.[1] Gill thus claims that the trial court manifestly erred, see Mills v. State, 462 So.2d 1075, 1079 (Fla.), cert. denied, 473 U.S. 911, 105 S.Ct. 3538, 87 L.Ed.2d 661 (1985), when it forced him to use his peremptory challenges to eliminate these objectionable venirepersons and thereafter refused his request for a sufficient number of additional peremptory challenges to strike other objectionable venirepersons. We agree and reverse. "The test for determining juror competency is whether the juror can lay aside any bias or prejudice and render his verdict solely upon the evidence presented and the instructions on the law given to him by the court." Lusk v. State, 446 So.2d 1038, 1041 (Fla.) (citing Singer v. State, 109 So.2d 7 (Fla.1959)), cert. denied, 469 U.S. 873, 105 S.Ct. 229, 83 L.Ed.2d 158 (1984). In applying this test, the Florida Supreme Court stated:
[I]f there is basis for any reasonable doubt as to any juror's possessing that state of mind which will enable him to render an impartial verdict based solely on the evidence submitted and the law announced at the trial he should be excused on motion of a party, or by the court on its own motion.
Singer, 109 So.2d at 23-24 (Fla.1959). This principle has been consistently adhered to by the supreme court in its subsequent decisions on the issue, e.g., Bryant v. State, 656 So.2d 426, 428 (Fla.1995); Turner v. State, 645 So.2d 444, 447 (Fla.1994); Bryant v. State, 601 So.2d 529, 532 (Fla.1992); Floyd v. State, 569 So.2d 1225, 1230 (Fla.1990), cert. denied, 501 U.S. 1259, 111 S.Ct. 2912, 115 L.Ed.2d 1075 (1991); Hamilton v. State, 547 So.2d 630, 632-33 (Fla.1989); Moore v. State, 525 So.2d 870, 872-73 (Fla.1988); Hill v. State, 477 So.2d 553, 555-56 (Fla.1985) as well as this court's opinions. E.g., Coggins v. State, 677 So.2d 926, 927 (Fla. 3d DCA 1996); Perea v. State, 657 So.2d 8, 9 (Fla. 3d DCA), review denied, 663 So.2d 632 (Fla.1995); Jones v. State, 652 So.2d 967, 969 (Fla. 3d DCA 1995); King v. State, 622 So.2d 134, 135 (Fla. 3d DCA 1993); Price v. State, 538 So.2d 486, 489 (Fla. 3d DCA 1989); Jefferson v. State, 489 So.2d 211, 212 (Fla. 3d DCA), review denied, 494 So.2d 1153 (Fla.1986); Leon v. State, 396 So.2d 203, 205 (Fla. 3d DCA), review denied, 407 So.2d 1106 (Fla. 1981).
We find that the trial court erred in the instant case for not striking for cause certain jurors where their responses to certain questions raised a reasonable doubt as to their ability to sit fairly and impartially. *160 Contrary to the state's assertion, this error cannot be deemed harmless because it unfairly abridged appellant's use of peremptory challenges by reducing the number of those challenges available to him. Hill, 477 So.2d at 556. As Hill points out:
Florida and most other jurisdictions adhere to the general rule that it is reversible error for a court to force a party to use peremptory challenges on persons who should have been excused for cause, provided the party subsequently exhausts all of his or her peremptory challenges and an additional challenge is sought and denied.
Id.
Hence we conclude this cause must be reversed and remanded for a new trial.
Reversed.
NOTES
[1] The responses given by at least two of the prospective jurors who had themselves been victims of home burglaries were as follows:

[Prosecutor]: Yes. And do you think you could be fair and impartial?
[Juror Curry]: I would like to try. I could be, but every time I go into our bedroom, which is a separate area of our house, what if, because I could have walked in there.
* * * * * *
[Prosecutor]: Same question, can you be fair and impartial in the case?
[Juror Clark]: I don't think that that would make a whole lot of difference, that particular incident. But I feel very negative about people who do what this man is accused of doing.
[Prosecutor]: But you understand, and I think it is perfectly all right to feel very negatively about crimes that are committed. But that is something that happens, I guess, something that is considered at the tail end of the trial once a finding has been made.
Do you believe that you could fairly determine what has occurred or not occurred based on the evidence in the case?
[Juror Clark]: It would be hard for me to say. I certainly will try to be fair.
* * * * * *