697 So.2d 198 (1997)
Donald L. FERRELL, Appellant,
v.
STATE of Florida, Appellee.
No. 95-04102.
District Court of Appeal of Florida, Second District.
July 18, 1997.
*199 Ann Lyman Steffens, Clearwater, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Jean-Jacques Darius, Assistant Attorney General, Tampa, for Appellee.
PATTERSON, Judge.
Donald Ferrell appeals from his judgment and sentence for two counts of aggravated battery. Of the four points he raises, one has merit. We reverse and remand for a new trial because the trial court denied Ferrell's challenge for cause of a prospective juror and subsequently denied Ferrell's request for an additional peremptory challenge.
During voir dire, the defense asked the prospective jurors about their attitudes concerning voluntary intoxication. Prospective juror Patterson said he had a problem with alcohol and drug abuse "not as a defense, but as an excuse." He stated he could not condone it and did not see how it could be used as a defense. Defense counsel then asked Patterson, "If the Court wants to tell you this is the law in Florida and, like, we're not here to say what is good or bad or ugly, but this is the law, then you could have some concerns?" Patterson responded:
I would to the point that if the prosecution proves all three points, then what the what can the law tell me? That was the law he was convicted on or whatever, and you're going to use that, well, he was drunk at the time, I can't see how the Judge can tell me that I have to take that into consideration if the prosecution has already proved that he did this.
When the parties exercised their challenges to the prospective jurors, defense counsel asked that Patterson be struck for cause because he indicated a great reluctance to even consider the defense of voluntary intoxication. The court responded, "I didn't hear that." The state attorney asked the court to make a specific inquiry. The court stated, "I think I specifically heard him be able to [sic] say he'll be able to follow the law." The trial court denied Ferrell's request to have Patterson removed for cause. Ferrell used a peremptory challenge to strike Patterson and then requested an additional peremptory, indicating that he would use it to strike prospective juror Milton. The trial court denied Ferrell's request for the additional peremptory, and Milton served on the jury.
The trial court should have struck prospective juror Patterson for cause. "The test for determining juror competency is whether the juror can lay aside any bias or prejudice and render a verdict solely upon the evidence presented and the instructions on the law given by the court." Bryant v. State, 656 So.2d 426, 428 (Fla.1995). "The juror should be excused if there is any reasonable doubt about the juror's ability to render an impartial verdict." Turner v. State, 645 So.2d 444, 447 (Fla.1994). Here, Patterson expressed great reluctance to consider a voluntary intoxication defense. His answers on voir dire raised a reasonable doubt as to his ability to render an impartial verdict. Thus, the trial court should have excused Patterson for cause.
Contrary to the state's argument, the error cannot be deemed harmless. In Hill v. State, 477 So.2d 553, 556 (Fla.1985), the supreme court held that the trial court's refusal to dismiss a juror for cause was not harmless error because:
[I]t abridged appellant's right to peremptory challenges by reducing the number of those challenges available [to] him. Florida and most other jurisdictions adhere to the general rule that it is reversible error for a court to force a party to use peremptory challenges on persons who should have been excused for cause, provided the party subsequently exhausts all of his or her peremptory challenges and an additional challenge is sought and denied. *200 See Gill v. State, 683 So.2d 158 (Fla. 3d DCA 1996). Here, Ferrell had to use an peremptory challenge on Patterson, who should have been excused for cause. The trial court then denied Ferrell an additional peremptory to strike Milton. The trial court's rulings reduced the number of peremptory challenges available to Ferrell. Thus, we reverse Ferrell's judgment and sentence for two counts of aggravated battery and remand for a new trial.
Reversed and remanded.
FRANK, A.C.J., and BLUE, J., concur.