PER CURIAM.
We reverse defendant’s conviction for resisting arrest without violence and remand for a new trial. The trial court erred in denying defense counsel’s cause challenges to prospective jurors Gaine and Rogers. These jurors candidly admitted their propensity for partiality when they were first questioned by counsel. Their answers to the judge’s leading questions did not ameliorate the bias of their original responses or dissipate the reasonable doubt raised by those responses as to their ability to be fair and impartial jurors. Hamilton v. State, 547 So.2d 630 (Fla.1989); Henry v. State, 586 So.2d 1335 (Fla. 3d DCA 1991). The denial of these challenges was not harmless error. Defendant was forced to exhaust his peremptory challenges to excuse these prospective jurors; thereafter, defendant unsuccessfully requested additional peremptory challenges to strike other objectionable jurors who served on the panel. Gill v. State, 683 So.2d 158 (Fla. 3d DCA 1996). We therefore reverse and remand for a new trial.
Reverse and remanded.