STRINGER, Judge.
Robert Wells challenges his conviction for first-degree murder in the fatal shooting of his girlfriend, Sherry Ramey. On appeal he argues that the trial court erred by refusing to strike certain venire persons for cause and by subsequently denying his request for additional peremptory challenges. We agree and reverse.
Following voir dire, Wells challenged two prospective jurors for cause: Diane Meyers (# 24) and Patricia Brooks (# 17). Ms. Meyers indicated that she was “really against any kind of guns,” and if she had her way, guns would not exist. When asked whether she thought these emotions might override her reason and logic, Ms. Meyers answered, “Yes.” In response to questions regarding Wells’ voluntary intoxication defense, Ms. Brooks stated she strongly believed in people “accepting responsibility” for their actions. Moreover, Brooks candidly admitted she would have a hard time accepting the voluntary intoxication defense “as an excuse” for Wells’ actions. The trial court denied Wells’ request to strike these two for cause, and Wells used two peremptory challenges to exclude them. After exhausting his peremptory challenges, Wells moved to strike prospective juror # 36 for cause, alleging that prospective juror # 36 also indicated she could not accept voluntary intoxication as a defense. When his challenge for cause was denied, Wells requested but was refused an additional peremptory challenge.
The trial court clearly erred by failing to excuse Diane Meyers and Patricia Brooks for cause. Determining the competency of a juror is a mixed question of law and fact, the resolution of which is within the trial court’s discretion and will not be disturbed absent a showing of manifest error. See Smith v. State, 699 So.2d 629, 636 (Fla.1997); Files v. State, 613 So.2d 1301, 1304 (Fla.1992). The test for making this determination is “whether the juror can lay aside any bias or prejudice and render a verdict solely upon the evidence presented and the instructions on the law given by the court.” Bryant v. State, 656 So.2d 426, 428 (Fla.1995). Ms. Meyers’ and Ms. Brooks’ responses during voir dire raised a reasonable doubt as to whether they could lay their preconceptions about firearms and voluntary intoxication aside. See e.g., Ferrell v. State, 697 So.2d 198 (Fla. 2d DCA 1997) (finding trial court erred by not excusing juror for cause who expressed reluctance to consider voluntary intoxication as a defense); Ferguson v. State, 693 So.2d 596 (Fla. 2d DCA 1997) (finding jurors should have been excused for cause because their responses during voir dire raised reasonable doubt about their ability to impartially consider *1131 accused’s voluntary intoxication defense). The State argues that Meyers and Brooks were subsequently rehabilitated; however, the record does not support this contention.
When, as here, a defendant seeks a new trial alleging the trial court erred by denying challenges for cause, thereby forcing him to exhaust peremptory challenges, the defendant must show that he requested and was refused an additional peremptory to exclude a specific juror ultimately seated on the panel. See Trotter v. State, 576 So.2d 691, 693-94 (Fla.1990). In the present case, Wells has demonstrated manifest error by satisfying each of these requirements. Because the trial court’s erroneous refusal to excuse prospective jurors Meyers and Brooks for cause forced Wells to exhaust his peremptory challenges and accept prospective juror # 36, we reverse his judgment and sentence and remand for a new trial.
Reversed.
NORTHCUTT, A.C.J., and GREEN, J., Concur.