STRINGER, Judge.
Euryia Mobley challenges his conviction and sentence for robbery. He contends the trial court erred by refusing to strike a venire person for cause and further erred by denying his subsequent request for an additional peremptory challenge. We agree and remand for a new trial.
The competency of a juror presents a mixed question of law and fact, the resolution of which is within the trial court’s discretion and will not be disturbed on appeal without a showing of manifest error. See Smith v. State, 699 So.2d 629, 636 (Fla.1997); Wells v. State, 766 So.2d 1129 (Fla. 2d DCA 2000). The test for determining juror competency is “whether the juror can lay aside any bias or preju *783 dice and render a verdict solely upon the evidence presented and the instructions on the law given by the court.” Wells, 766 So.2d at 1130 (citing Bryant v. State, 656 So.2d 426, 428 (Fla.1995)).
Mobley challenged Mrs. Derren-backer for cause because during voir dire she indicated that she “could not tell [the prosecutor] 100 percent,” as to whether she could be fair and impartial because she was related to a family of Patels who were hotel owners. A Mr. Jay Patel was manager of the Holiday Inn Express which was robbed in this case. Mrs. Derren-backer acknowledged that “there’s so many Patels,” and indicated that although she may not know this particular Patel, she was nevertheless concerned that “loyalties” to the Patel family and the community of Patels who are hotel owners might affect her ability to be fair and impartial. Mrs. Derrenbacker’s responses during voir dire clearly indicate that she would have had difficulty rendering an impartial verdict in this case. Mobley exercised a peremptory to excuse her after the court refused his challenge for cause. The court also denied Mobley’s subsequent request for an additional peremptory to remove venire person Durneck. Mr. Durneck ultimately served on the panel.
Mobley has demonstrated manifest error by showing that he exhausted all of his peremptory challenges, by requesting an additional peremptory challenge which was denied, and by identifying a specific juror whom he would have excused if possible, but who ultimately served on the panel. See Trotter v. State, 576 So.2d 691, 693 (Fla.1990); Wells, 766 So.2d at 1131. Accordingly, we reverse and remand for a new trial.
CAMPBELL, A.C.J., and GREEN, J., Concur.