**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Celeste Sandra ARNOLD, Jerry Edward Arnold, Jr., and Larry Baker, Defendants–Appellants.**

**Nos. 99–50713, 99–50721 and 99–50722.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 14, 2000

Filed Feb. 7, 2001

As Amended Feb. 21, 2001.

Mark F. Adams, San Diego, California; J. Michael Roake, Roake and Roake, San Diego, California; Steven A. Feldman, Feldman and Feldman, Roslyn, New York, for the defendants-appellants.

Gregory A. Vega, U.S. Atty., Michael G. Wheat (argued) and Cynthia Bashant (on brief), Assistant United States Attorneys, San Diego, California, for the plaintiff-appellee.

Before: BRIGHT,[1] T. G. NELSON and W. FLETCHER, Circuit Judges.

1. The Honorable Myron H. Bright, Senior    United States Circuit Judge for the Eighth

**T.G. NELSON, Circuit Judge:**

Celeste Sandra Arnold, Jerry Edward Arnold, Jr., and Larry Baker appeal their jury convictions of conspiracy to transport and harbor illegal aliens, transportation of illegal aliens and harboring of illegal aliens, in violation of 8 U.S.C. § 1324(a)(1)(A)(ii), (iii) and (v)(II). They claim that their Sixth Amendment rights were violated because the district court judge was not physically present at the courthouse during jury deliberations.[2] We have jurisdiction under 28 U.S.C. § 1291. We affirm the convictions.

## I.

Jury deliberations in the joint trial of Celeste Arnold, Jerry Arnold, and Larry Baker commenced on a Friday and continued through the following week. On the Monday after deliberations began and while deliberations continued, the district court judge attended a previously scheduled Ninth Circuit Judicial Conference. Prior to the judge leaving for this conference, the jury sent a note to the court requesting the answer to a question. After conferring with counsel, the judge dictated a response to the jury's question, and the transcribed answer was delivered to the jury.

After the judge left the courthouse to attend the conference, the jury sent a second note to the court requesting the answer to another question.[3] Because the judge was physically absent from the courthouse when this note was received, the judge conferred by telephone with counsel on the jury's question, then dictated a response which was transcribed and delivered to the jury. It is undisputed that no objections were made to the judge's physical absence or to the way the judge handled this proceeding by tele-

phone. It is also undisputed that the jury did not know of the judge's physical absence. Moreover, appellants do not dispute that they requested that the jury be allowed to continue deliberations despite the judge's physical absence from the proceedings.

On appeal, appellants contend, for the first time, that the judge's absence during jury deliberations was error because it deprived them of their Sixth Amendment right to a jury trial, and that this constitutional error is structural error and therefore not subject to harmless error analysis. We hold that under the specific facts of this case, the judge's absence was not error. We therefore affirm the convictions.

## II.

In *Riley v. Deeds,*[4] during jury deliberations, the jury sent a note to the court requesting a readback of the victim's testimony. The judge was not in the courthouse at the time this request was made and he could not be located. In the judge's absence, his law clerk convened the court, explained to the jury that the court reporter would read the victim's testimony from the trial transcript, and instructed the jury foreperson to raise his hand when the jury had heard enough. After the victim's direct examination was read back to the jury by the court reporter, the foreperson raised his arm and the readback terminated. After the readback, the jury returned a verdict of guilty.

On a petition for habeas corpus relief, we reversed the conviction, holding that the trial judge's "failure to rule on whether the victim's direct examination should have been read back, coupled with his absence and unavailability during the readback proceedings, resulted in structural error that rendered Riley's trial fundamentally

Circuit Court of Appeals, sitting by designation.

**2.** The other issues raised on appeal are addressed in an unpublished memorandum filed contemporaneously with this opinion.

**3.** The jury also requested a videotape playback. The defendants do not, however, argue that the judge's conduct and decision regarding this request constituted error. We therefore do not discuss the videotape playback request.

**4.** 56 F.3d 1117 (9th Cir.1995).

unfair and deprived him of due process."[5] In so holding, we specifically declined to address "whether a judge's absence during the course of a trial, regardless of the nature of the proceeding from which he is absent and the duration of his absence, amounts to structural error which is reversible per se, or trial error which is subject to harmless error analysis."[6] Instead, we held "that the trial judge's absence during the readback of the victim's direct examination, coupled with the judge's failure to rule upon the jury's request for the readback, his failure to exercise any discretion over what testimony would be read, and his unavailability during the proceeding was structural constitutional error which require[d] automatic reversal of Riley's conviction."[7]

Urging us to limit the holding in *Riley* to the particular facts of that case, the Government argues that it is permissible for a trial judge to be physically absent from proceedings held during jury deliberations as long as the judge exercises control and discretion over the proceedings. The appellants, on the other hand, argue that the judge's absence was not only error, but rose to the level of structural error and is therefore reversible without a showing of prejudice.

We decline to adopt either of these approaches. Instead, we hold that a trial judge's physical absence from proceedings held during jury deliberations will sometimes, but not always, be considered error and that whether the absence constitutes error will depend on the facts of each particular case.[8] In so holding, we note that our previous decision in *Riley* was limited to the particular facts of that case and that in that case we neither reached nor decided the question before us today.

As the Second Circuit stated in *Grant:*

While we do not encourage trial judges to absent themselves from the bench, and recognize that absence under many circumstances would involve error, practical distinctions must be observed.

(4)27

... [A] distinction should be made between the judge's necessary presence while functional proceedings are in progress, and a presence serving only to satisfy symbolic ritual. If courts are to discharge their responsibilities to society by accomplishing their work, they must not bind themselves by fetishistic rules that immobilize the judge, disabling him or her from performing useful judicial work, unless this is justified.[9]

---

5. *Id.* at 1118.

6. *Id.* at 1120.

7. *Id.* at 1122.

8. We recognize that there is a split of authority among the courts that have considered this particular issue. Some courts have held that a judge's absence from proceedings held during jury deliberations will sometimes but not always be considered error. *See, e.g., United States v. Grant*, 52 F.3d 448, 449 (2d Cir. 1995) ("For a judge to leave the bench while the jury hears a readback of testimony, without more, obviously involves no prejudice. Nor do we consider this to be error. While we do not encourage trial judges to absent themselves from the bench, and recognize that absence under many circumstances would involve error, practical distinctions must be observed." (citation omitted)); *United States v. Pfingst*, 477 F.2d 177, 196–97 (2d Cir.1973); *Rice v. United States*, 35 F.2d 689,

696 (2d Cir.1929); *Sand v. Mississippi*, 467 So.2d 907, 908–09 (Miss.1985).

Other courts have held that a judge's absence from proceedings held during jury deliberations is error, but differ on whether the error is structural or trial error. *Compare People v. Rawlings*, 178 A.D.2d 619, 619, 577 N.Y.S.2d 493 (N.Y.A.D.1991) (finding error and reversing without addressing whether error was structural or trial error), and *People v. Lumpkin*, 173 A.D.2d 738, 740, 570 N.Y.S.2d 620 (N.Y.A.D.1991) (finding error but declining to address whether error was structural or trial error because it found cumulative error sufficient to warrant reversal), *with Brown v. Florida*, 538 So.2d 833, 836 (Fla.1989) (holding "that communications from the jury must be received by the trial judge in person and that the absence of the judge when a communication is received and answered is reversible error," and is not subject to harmless error review).

9. *Grant*, 52 F.3d at 449–50 (citations and quotations omitted).

Applying this standard to the facts before us today, we hold that no error was committed by the district court. In the course of its deliberations, the jury requested the answer to two questions. The district court judge was physically present to answer the jury's first question, which he did by having his answer transcribed and delivered to the jury. The judge was not physically present when the jury requested the answer to a second question. The judge did, however, *by telephone,* preside over and control the proceedings related to this jury request and, in doing so, exercised his supervisory and discretionary role. This is not, therefore, a situation where there has been "a complete abdication of judicial control over the process." [10] Rather, this is a situation where a judge, with the assistance of modern technology, was able to preside over and control a proceeding without being physically present at that proceeding.

Moreover, it is clear that the jury did not even know of the judge's absence from the courthouse and that the judge handled the jury's second question in the exact same manner that he would have had he been physically present at the courthouse during the proceeding. In this situation, we cannot say that the judge's physical absence from the proceeding constituted error.[11]

AFFIRMED.

---

**10.** *See Riley,* 56 F.3d at 1121.

**11.** We express no view as to whether the judge's absence would have constituted error if the jury had known that the judge was absent from the courthouse during deliberations or if the judge had allowed the playback of the videotape (or conducted any other proceeding at which the jury was present) in his absence. We simply hold that it was not error for the judge to conduct proceedings involving only the attorneys and the defendant by telephone, rather than by being physically present at the courthouse.