[No. C027664. Third Dist. Nov. 20, 2001.]

THE PEOPLE, Plaintiff and Respondent, v.
LESLIE GENE RHOADES, Defendant and Appellant.

**[Opinion certified for partial publication.*]**

---

*Pursuant to California Rules of Court, rule 976.1, this opinion is certified for publication with the exception of the Facts and Procedural Background and parts I through III and V through IX.

**COUNSEL**

Matthew H. Wilson, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren and Bill Lockyer, Attorneys General, George Williamson and Robert R. Anderson, Chief Assistant Attorneys General, Jo Graves, Assistant Attorney General, Stan Cross, Carlos A. Martinez and Alison Elle Aleman, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**SCOTLAND, P. J.**—This case represents another example of what regrettably has become an all too familiar scenario, men engaging in reigns of

terror against women who attempt to break off sexual relationships with them. It never ceases to amaze and sadden us that there are men out there who believe that violence can "win back her heart" or who simply relish in violently maintaining control over women who have spurned them. So it was here.

After his release from prison, defendant Leslie Gene Rhoades, who had five convictions for serious felonies, wanted to continue his relationship with the woman he had lived with in the past. However, she was unwilling because he had become increasingly domineering, possessive, and violent. To force her to stay with him, defendant engaged in a series of crimes, including threats and violence, against her and her friends. The "prize" that he received for his reign of terror was not her renewed affection but, rather, a term of 227 years to life in state prison.

On appeal, defendant raises various claims of error. In the published part of this opinion, we reject his constitutional attack on Penal Code section 1138.5, which provides that the trial judge need not be present while testimony previously received in evidence is read to the jurors, upon their request, after deliberations have begun. In defendant's view, this section is infirm because a trial judge's absence during the readback of testimony "result[s] in a fundamental breakdown in the proper functioning of a jury trial" and denies an accused "the right to due process of law and the right to a trial before an impartial jury."

This claim of error is waived because defense counsel agreed that the court reporter could read the testimony in the jury room without the presence of the trial judge, defendant, and counsel. In any event, the contention lacks merit. As we will explain, the readback of testimony is not a critical stage of the proceeding; the trial judge decided what testimony should be read to the jury and was available to address any questions from the jurors to the court that might have arisen during the readback of testimony; and "a distinction should be made between the judge's necessary presence while functional proceedings are in progress, and a presence serving only to satisfy symbolic ritual." (*U.S. v. Grant* (2d Cir. 1995) 52 F.3d 448, 449.) Where the judge controls the process, nothing in logic, reason, due process of law, or the right to a trial before an impartial jury compels the judge to be present with the jurors while testimony previously received in evidence is read to them upon their request.

In the unpublished parts of our opinion, we reject defendant's other claims of prejudicial error, but find a clerical mistake in the abstract of judgment. Accordingly, we shall affirm the judgment and direct the trial court to correct the clerical error.

FACTS AND PROCEDURAL BACKGROUND*

.  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .

DISCUSSION

I-III*

.  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .

IV

During their deliberations, the jurors asked for certain testimony previously received in evidence to be read to them. Defense counsel, the prosecutor, and the trial court agreed that the court reporter would read the testimony to the jurors in the jury room without the presence of the judge, defendant, and counsel. The court reporter then did so.

On appeal, defendant challenges only the trial judge's absence during reading of the requested testimony. He recognizes the judge acted in accordance with Penal Code section 1138.5, which provides: "Except for good cause shown, the judge in his or her discretion need not be present in the court while testimony previously received in evidence is read to the jury." However, he argues this statute is unconstitutional.

In defendant's view, by authorizing the trial judge's absence during the readback of testimony, Penal Code section 1138.5 violates due process of law and the right to an impartial jury because the absence of the trial judge during the readback of testimony results in a fundamental breakdown of the trial process. Quoting *Riley v. Deeds* (9th Cir. 1995) 56 F.3d 1117, 1119, defendant asserts that a "judge's absence during a criminal trial, including court proceedings after a jury begins deliberations, is error of constitutional magnitude."

█ As we will explain, the claim of error is waived because defendant failed to raise the issue in the trial court; in fact, his counsel agreed to the procedure.

In support of his assertion that the issue is not waived, defendant relies on *Bryant v. State* (Fla. 1995) 656 So.2d 426 (*Bryant*), which concluded that a defendant's failure to make a timely objection does not waive the right to have the trial judge present during a readback of testimony, even if defense counsel agreed that the judge need not be present. (*Id.* at pp. 428-429.)

---

*See footnote, *ante*, page 1122.

We cannot agree with the analysis of *Bryant, supra,* 656 So.2d 426. The readback of testimony is not a critical stage of the proceedings. (*People v. Ayala* (2000) 23 Cal.4th 225, 288 [96 Cal.Rptr.2d 682, 1 P.3d 3].) Moreover, " '[i]n general, "the defendant's absence from various court proceedings, 'even without waiver, may be declared nonprejudicial in situations [such as the rereading of testimony] where his presence does not bear a "reasonably substantial relation to the fullness of his opportunity to defend against the charge." ' . . ." ' . . . ." (*Id.* at p. 288, fn. 8, citations omitted.) If the readback of testimony is not a critical stage of the proceedings such that an accused need not personally waive his own presence during the readback, it follows that the accused need not personally waive the judge's presence either.

As for defendant's claim that it was futile for defense counsel to object in light of the directive of Penal Code section 1138.5, he cannot be permitted to sit back and acquiesce in the procedure used, await a jury verdict, and then assert error based on the judge's absence during the readback. (Cf. *People v. Jennings* (1991) 53 Cal.3d 334, 383-384 [279 Cal.Rptr. 780, 807 P.2d 1009] [defendant waived any error with respect to court's ex parte communication with the jury by failing to object].)

█ In any event, the contention fails on the merits for reasons that follow.

Our state Supreme Court has found it acceptable for a trial court to provide the jury, upon its request, with the transcripts of testimony previously received in evidence, which the jurors may read in the jury room. (*People v. Box* (2000) 23 Cal.4th 1153, 1214 [99 Cal.Rptr.2d 69, 5 P.3d 130].) Defendant proffers no persuasive reason why it should not be similarly acceptable to provide the jurors with a verbal readback of the testimony in the jury room outside the presence of the trial judge.

Defendant cites to no evidence that the trial judge was unavailable to address any questions from the jurors to the court that might have arisen during the readback of testimony, or that the judge completely abdicated judicial control over the process. Thus, the facts of this case are nothing like those in *Riley v. Deeds, supra,* 56 F.3d 1117, where the judge was unavailable and not present in the courthouse when the jury requested a readback of testimony, and the judge's law clerk convened the court and had the court reporter read the requested testimony to the jury. (*Id.* at p. 1119.) That case held the trial judge's complete failure to exercise discretion over whether the jury should hear the requested testimony and "whether in fairness other testimony should also be read," coupled with the judge's absence and unavailability during the readback "in the event any problem arises," rendered the defendant's trial fundamentally unfair. (*Id.* at pp. 1120-1122; *U.S. v. Arnold* (9th Cir. 2001) 238 F.3d 1153, 1154-1155.)

The critical factor was whether the judge abdicated judicial control over the process. (*Riley v. Deeds, supra,* 56 F.3d at p. 1121.) Therefore, in another case, the same appellate court found it was acceptable for the trial judge to have presided *by telephone* over proceedings related to jury questions during deliberations. (*U.S. v. Arnold, supra,* 238 F.3d at p. 1156.) And, without more, it is not prejudicial error for a judge to leave the bench while the jury hears a readback of testimony. (*U.S. v. Grant, supra,* 52 F.3d at p. 449.)

As the appellate court in *U.S. v. Grant, supra,* 52 F.3d 448, astutely observed: "Courts today are under enormous pressure to accomplish the huge volumes of work which our litigious society places on them. For a judge to sit idle in the courtroom during several hours of readbacks to the jury, performing little function other than the furnishing of a symbolic presence, deprives society of several hours of that judge's productive time." (*Id.* at p. 449.)

Accordingly, "a distinction should be made between the judge's necessary presence while functional proceedings are in progress, and a presence serving only to satisfy symbolic ritual. If courts are to discharge their responsibilities to society by accomplishing their work, they must not bind themselves by fetishistic rules that immobilize the judge, disabling him or her from performing useful judicial work, unless this is justified." (*U.S. v. Grant, supra,* 52 F.3d at p. 449; accord, *U.S. v. Arnold, supra,* 238 F.3d at p. 1155.)

When a trial judge exercises control over whether and what testimony previously introduced in evidence should be read to the jurors at their request after deliberation has begun, and the judge remains available to address any questions from the jurors to the court that might arise during the readback of the testimony, nothing in logic, reason, due process of law, or the right to a trial before an impartial jury compels the judge to be present while the testimony is read to the jurors.

So it was in this case. Consequently, the trial court did not err in permitting the court reporter to read back the requested testimony in the jury room, without the presence of the judge, defendant, and counsel.

V-IX*

·  ·  ·  ·  ·  ·  ·  ·  ·  ·  ·  ·  ·  ·  ·  ·  ·  ·  ·  ·  ·  ·  ·  ·  ·  ·  ·  ·

*See footnote, *ante,* page 1122.

## DISPOSITION

The judgment is affirmed. The trial court is directed to amend the abstract of judgment to reflect that defendant was convicted of petty theft in violation of Penal Code section 666, rather than Penal Code section 488.

Sims, J., and Davis, J., concurred.

Appellant's petition for review by the Supreme Court was denied February 13, 2002.