HAZOURI, J.
Appellant, Carlos Tovar, went to trial before a jury on a charge of DUI manslaughter while being impaired or with a blood alcohol level of .20 or above. After the jury began deliberations, it requested a read-back of testimony. Without any objection from Tovar’s counsel, the trial court permitted a read-back of the requested testimony outside the presence of the trial judge. The record on appeal fails to reflect that Tovar waived the presence of the trial judge. Tovar asserts that without his knowing, intelligent and voluntary waiver, the waiver by his counsel does not constitute a valid waiver and, therefore, requires a reversal for a new trial. We agree.
In Brown v. State, 538 So.2d 833 (Fla.1989), the jury requested transcripts of witnesses’ testimony during deliberations. The trial judge was not in the courthouse and his bailiff and both counsel telephoned him to inform him of the request. The trial judge offered to return but both counsel agreed it was not necessary. It was agreed that the jurors be told they could not have the transcripts and that they rely on their memories. Brown argued on appeal that communication with the jury outside the presence of the judge was reversible error. The supreme court held that:
Article I, section 16 of the Florida Constitution and the federal constitution’s sixth amendment guarantee criminal defendants trial by an impartial jury. The presence of a judge, who will insure the proper conduct of a trial, is essential to this guarantee.
Id. at 834-35. It concluded that “the presence of a judge during trial is a fundamental right which can be waived only in limited circumstances and then only by a fully informed and advised defendant, and not by counsel acting alone.” Id. at 835.
Similarly, in Bryant v. State, 656 So.2d 426 (Fla.1995), the supreme court considered whether it was fundamental error for the trial judge to leave the courtroom during a read-back of testimony to the jury without an informed waiver of the judge’s presence by the defendant. When the jury requested to see transcripts of police officers’ testimony, the judge and counsel from both sides met to discuss the request. They agreed to have the testimony read back in its entirety. It was noted by defense counsel that the defendant was not in the courtroom and the judge ordered that he be brought in. The record revealed more discussion during which the attorneys agreed the judge need not be present during the read-back but “[t]he record [did] not indicate when Bryant was brought into the courtroom or whether he was present during this colloquy.” Id. at 428. The supreme court held:
The presence of a judge, who will insure the proper conduct of a trial, is essential to the state and federally guaranteed rights of trial by an impartial jury. Although this right can be waived under some circumstances, such waiver must be “by a fully informed and advised defendant, and not by counsel acting alone.” Waiver of the trial judge’s presence cannot be implied because of a defendant’s failure to make a timely objection. Although defense counsel and the state attorney agreed to the judge’s absence in this case, the defendant Bryant did not because he was not consulted about this procedure by his attorney or the trial court. Thus, Bryant did not knowingly, intelligently, and voluntarily waive the trial judge’s presence during the readback.
*1208 Id. at 428-29 (citations omitted)(footnote omitted). A trial judge’s absence during the read-back of testimony without a valid waiver is reversible error. Id. at 429.
The record in this case does not reflect a knowing and voluntary waiver by Tovar. Therefore, the read-back of testimony outside the presence of the trial judge was reversible error. The other issue raised on appeal by Tovar is without merit. We, therefore, reverse and remand for a new trial.
REVERSED AND REMANDED.
POLEN and KLEIN, JJ., concur.