**Inez Tito LUGO, Petitioner–Appellant,**

v.

**Cal A. TERHUNE; Anna M. Ramirez–Palmer; Robert K. Anderson, Respondents–Appellees.**

No. 07–16031.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 14, 2008.

Filed May 7, 2008.

David M. Porter, Esq., Federal Public Defender's Office, Sacramento, CA, for Petitioner–Appellant.

Carlos A. Martinez, Esq., Office of the California Attorney General, Sacramento, CA, for Respondents–Appellees.

Before: SCHROEDER, NOONAN and CALLAHAN, Circuit Judges.

MEMORANDUM *

In this habeas appeal, the petitioner, California state prisoner Inez Tito Lugo,

---

challenges his second-degree murder conviction on the ground that the district court failed to obtain a waiver from the defendant of his right to be present at a playback of his interrogation and read-backs of two witnesses' testimony to the jury. The district court denied the petition, holding that there had been no showing of harmful error. *See Lugo v. Warden of Cal. Med. Facility,* No. 99–1151, 2007 WL 662226, at *6 (9th Cir. Feb. 28, 2007).

In our circuit, a defendant generally has a constitutionally protected right to be present during any readback or playback of testimony. *See Turner v. Marshall,* 63 F.3d 807, 814 (9th Cir.1995), *overruled on other grounds by Tolbert v. Page,* 182 F.3d 677, 685 (9th Cir.1999); *United States v. Kupau,* 781 F.2d 740, 743 (9th Cir.1986). In this case, the trial judge failed to obtain a waiver from the defendant of that right. *See Turner,* 63 F.3d at 815. However, the trial judge obtained a stipulation to the readback procedure in advance from the defense attorney, provided that counsel was given notice of any request from the jury. When such notice was given for the readbacks, there was apparently no objection. With respect to the playback, the judge instructed the jury on the playback procedure in the presence of the defense attorney before deliberations began.

After the verdict, the defense counsel indicated he had an objection to the readback procedure, but no record was ever made. When the district court appointed federal habeas counsel to conduct an investigation, petitioner was unable to develop factual support for these claims of harm. This record therefore contains no indication of what, if anything, went wrong with the readbacks and playback that could

---

* This disposition is not appropriate for publication and is not precedent except as provided

by 9th Cir. R. 36–3.

have prejudiced petitioner in his absence. It is incumbent upon the petitioner to establish a " 'substantial and injurious effect or influence' " flowing from constitutional trial errors. *See Hegler v. Borg*, 50 F.3d 1472, 1477 (9th Cir.1995) (quoting *Brecht v. Abrahamson*, 507 U.S. 619, 637, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993)). There was error, but in the absence of any showing of prejudice, the conviction must stand.

Petitioner relies upon our decision in *Fisher v. Roe*, 263 F.3d 906 (9th Cir.2001), *overruled on other grounds by Payton v. Woodford*, 346 F.3d 1204 (9th Cir.2003), *reversed by Brown v. Payton*, 544 U.S. 133, 125 S.Ct. 1432, 161 L.Ed.2d 334 (2005). We there held that defendant Fisher's due process rights were violated when the trial court conducted a secret readback of testimony without notifying the defendant or his counsel of the jury's request in advance. That did not occur in this case.

 The petitioner also challenges the absence of the trial judge at the readbacks/playback. We have held that the presence of the judge is not always required, depending on the circumstances of the particular case. *See United States v. Arnold*, 238 F.3d 1153, 1155 (9th Cir.2001). The order of the magistrate, which was adopted by the district court, recognized that the trial judge was maintaining control of these proceedings while attending to the more pressing demand of another proceeding. The parties agreed in advance to the procedures that were utilized, and there was no error.

**AFFIRMED.**